**24-5535**

_____

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

_____

**THE DIVA LAWYERS SOCIAL CLUB, INC and ATYRIA S. CLARK**,
Plaintiffs/Appellants,

v.

**LONITA K. BAKER,**
Defendant/Respondent.

On Appeal from the United States District Court
for the Central District of California
Honorable Judge Percy Anderson
U.S. District Court Case No. 2:24-cv-01292-PA-MAR

**APPELLANT'S OPENING BRIEF**

**THE LAW OFFICE OF ATYRIA S CLARK**
Atyria S. Clark, Esq.
400 Corporate Pointe, Suite 300
Culver City, CA 90230
310-492-4032 phone
310-496-1284 fax
atyriasclark@gmail.com

Attorneys for Plaintiffs/Appellants

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Plaintiffs/Appellants THE DIVA LAWYERS SOCIAL CLUB, INC and ATYRIA S. CLARK, by and through their undersigned counsel, hereby file their corporate disclosure statement as follows:

THE DIVA LAWYERS SOCIAL CLUB, INC. certifies that it has no parent corporation, and that no publicly held corporation owns ten (10) percent or more of its stock.

Dated: November 22, 2024        THE LAW OFFICE OF ATYRIA S CLARK

By: __/s/ Atyria S. Clark_____
ATYRIA S. CLARK
Attorney for Plaintiffs and Appellants
THE DIVA LAWYERS SOCIAL CLUB INC
and ATYRIA S. CLARK

ii

# TABLE OF CONTENTS

Corporate Disclosure Statement…………..……………………………  ii

Table of Authorities…………….………..…………………………..  iii

Jurisdictional Statement………………………………………………  1

Issues Presented…………..……………………………………  3

Statement of the Case and Facts……………………………………..  3

Procedural History…...…………………………………………………  6

Summary of the Argument……………………………………….…  10

Argument…...…………………………………………………………  12

    I.     Standard of Review………………………………………  12

    II.    Personal Jurisdiction……………………………………  13

        A.  Purposeful Direction……………………………………  15

           1.   Intentional Tort Committed Within the Forum State……  16
           2.  Intentional Tort Committed Outside the Forum State……  19
              a.  Intentional Act…………………………………………21
              b.  Express Aiming…………………………………  22
              c.  Harm in the Forum…………………………………  25

        B.  Arises Out of Appellee's Forum-Related Activities………..  26

        C. Reasonableness……………………………………………  28

    III.    Appellee's Lack of Compliance with the Rules……………...  32

      A.  Appellee Did Not Comply with Local Rule 7-3 Prior
          to Filing the Motion…………………………………… 32

      B.  Appellee Did Not Comply with the Documentary
          Requirements of Local Rule 7-4 through 7-8…………….. 33

IV.    The District Court Erred in Denying Appellants'
        Request to Conduct Jurisdictional Discovery………………… 35

Conclusion………………………………………………………….. 38

# TABLE OF AUTHORITIES

CASES

*Cassirer v. Kingdon of Spain*

    580 F.3d 1048 (9th Cir. 2009)……………….……………………………………… 1

*Reuber v. United States*

    773 F.2d 1367 (D.C. Cir. 1985)…..……………………………………………… 2

*Concha v. London*

    62 F.3d 1493 (9th Cir. 1995)…..……………………………………………… 2

*TechnoSteel, LLC v. Beers Constr. Co.*

    271 F.3d 151 (4th Cir. 2001)…..……………………………………………… 2

*Ochoa v. J.B. Martin & Sons Farms, Inc.*

    287 F.3d 1182 (9th Cir. 2002)……………………………………………… 2, 15

*Aloe Crème Laboratories, Inc. v. American Society for Aesthetic Plastic Surgery, Inc.*

    192 USPQ 170, 173 (TTAB 1976)……………………………………………. 4

*Brayton Purcell LLP v. Recordon & Recordon*

    575 F.3d 981 (9th Cir. 2009)…………………………………………12, 21, 22, 25

*Washington Shoe Co. v. A-Z Sporting Goods, Inc.*

    704 F.3d 668 (9th Cir. 2012)……………………………………………… 12

*Bauman v. DaimlerChrysler Corp.*

    644 F.3d 909 (9th Cir. 2011)…………………………………………….. 12, 13

*Doe v. Unocal Corp.*

    248 F.3d 915, 922 (9th Cir. 2001) …………………………………………..12

*Ruhrgas AG v. Marathon Oil Co.*

    526 U.S. 574 (1999) ………………………………………………….. 13

*Schwarzenegger v. Fred Martin Motor Co.*

374 F.3d 797 (9th Cir. 2004)…….…..………………………………13, 16, 21, 28

*Amba Mktg. Sys. Inc. v. Jobar Int'l, Inc.*

551 F.2d 784 (9th Cir. 1977)…………………………………………………… 13

*Rio Props., Inc. v. Rio Int'l Interlink*

284 F.3d 1007 (09th Cir. 2002) ……………………………………………………14

*Int'l Shoe Co. v. Wash.*

326 US 310 (1945)…………………………………………………………… 14

*Data Disc., Inc. v. Systems Tech. Assn., Inc.*,

557 F.2d 1280 (9th Cir. 1977)……………………………….…14, 16, 17, 30

*Goodyear Dunlop Tires Operations, S.A. v. Brown*

131 S. Ct. 2846 (2011)……………………………………………………………14

*Fields v. Sedgwick Associated Risks, Ltd.*

796 F.2d 299 (9th Cir. 1986)…………………………………………………… 14

*CollegeSource, Inc. v. AcademyOne, Inc.*

653 F.3d 1066 (9th Cir. 2011)…….…..……………………………………... 14, 15

*Gilmore Bank v. AsiaTrust New Zealand Limited*

223 Cal. App. 4th 1558 (2014)…………………………………………………… 15

*Burger King Co. v. Rudzewicz*

471 U.S. 462 (1985) ……………………………………………………………15, 28

*Cortina v. Bristol-Myers Squibb Co.*

2017 U.S. Dist. LEXIS 100437 (N.D. Cal. June 27, 2017) …………………… 15

*Gordy v. Daily News, L.P.*

95 F.3d 829 (9th Cir. 1996)…………………………………………………… 16

*Resnick v. Rowe*

    283 F.Supp.2d 1128 (D. Hawaii 2003)…………………………………………….. 17

*Nelson v. Millennium Labs, Inc.*

    2012 WL 12826476 (D. Ariz. Oct. 2, 2012)……………………………………….. 17

*Guidry v. U.S. Tobacco Co., Inc.*

    188 F.3d 619 (5th Cir. 1999) ………………………………………………………… 17

*Elan Microelectronics Corp. v. Pixr Microelectronics Co.*

    2012 WL 523695 (D. Nev. Feb. 16, 2012)……………………………………….18

*Robert Bosch LL v. ADM 21 Co., Ltd.*

    2011 WL 2619335 (D. Nev. July 1, 2011)……………………………………… 18

*Firouzabadi v. First Judicial Dist. Court In & For Carson City*

    110 Nev. 1348 (1994)………………………………………………………….. 18, 19

*Marvix Photo, Inc. v. Brand Techs, Inc.*

    647 F.3d 1218 (9th Cir. 2011)……………………………………….19, 22, 23

*Calder v. Jones*

    465 U.S. 783 (1984)………………………………………………….19, 20, 21, 22

*Martensen v. Koch*

    942 F. Supp. 2d 983 (N.D. Cal. 2013) ………………………………………... 20

*Martensen v. Koch*

    2013 WL 4734000 (N.D. Cal. Sept. 3, 2013)……………………………………….20

*Dole Food Co., Inc. v. Watts*

    303 F.3d 1104 (9th Cir. 2002)……………………………………………………….20

*CE Distribution, LLC v. New Sensor Corp.*

    380 F.3d 1107 (9th Cir. 2004)………………………………………….20, 21, 27

*Datatech Ent. LLC v. FF Magn at Ltd.*

    2012 WL 4068624 (N.D. Cal. Sept. 14, 2012)…………………………………21

*AMA Multimedia, LLC v. Wanat*

    970 F.3d 1201 (9th Cir. 2020)……………………………………………… 21

*Bancroft Masters, Inc. v. Augusta National*

    223 F.3d 1082 (9th Cir. 2000)……………….…………………………….22, 25

*Ayla, LLC v. Alya Skin Pty., Ltd.*

    11 F.4th 972 (9th Cir. 2021) …………………………………………....23, 24

*Fiore v. Walden*

    657 F.3d 838 (9th Cir. 2011)……………………………………….…25

*Yahoo! Inc. v. La Ligue Contre Le Racisme*

    433 F.3d 1199 (9th Cir. 2006)……………………………………………25

*Keeton v. Hustler Magazine*

    465 U.S. 770 (1984) …………………………………………………..25

*Mattel, Inv. v. Greiner & Hausser GmbH*

    354 F.3d 857 (9th Cir. 2003)………………………………………………26

*Thomas Weisel Partners LLC v. BNP Paribas*

    2008 U.S. Dist. LEXIS 65936 (N.D. Cal. Aug .25, 2008)………………………26

*Wanlass v. Olfman*

    2007 U.S. Dist. LEXIS 18008 (Dist. Or. 2007)……………………….. 26

viii

*Shute v. Carnival Cruise Lines*

    897 F.2d 377 (9th Cir. 1991)……………………………………………… 26

*Harris Rutsky & Co. v. Bell & Clements Ltd.*

    328 F.3d 1122 (9th Cir. 2003)…………………………………...27, 28, 29, 31, 35

*Decker Coal Co. v. Commonwealth Edison Co.*

    805 F.2d 834 (9th Cir. 1986) …………………………………………….. 32

*Gibson v. Chrysler Corp.*

    261 F.3d 927 (9th Cir. 2001)…………………………………………….. 35

*Boschetto v. Hansing*

    529 F.3d 1011 (9th Cir. 2008)……………………………………………… 35


STATUTES

15 U.S.C. § 1114………………………………………………………… 1, 6

28 U.S.C. §1331……………………………………………………………...1

28 U.S.C. § 1367(a)……………………………………………………… 1

28 U.S.C. § 1291…………………………………………………………...1

Fed. R. App. Proc. 3(a)(1)(A)……...…………………………………... 2

California Bus. & Proc. Code § 14320………………………………... 6

California Bus. & Proc. Code § 17200………………………………... 7

Local Rule 7-3 for the Central District of California…………………………...32, 33

Fed. R. Civ. Proc., Rule 7-1.1……………………………………………7

Local Rules 7-4 through 7-8 of the Central District of California……………...7, 33, 34

Local Rule 7-6 of the Central District of California…………………………..7, 34

## Jurisdictional Statement

Plaintiffs/Appellants THE DIVA LAWYERS SOCIAL CLUB INC and ATYRIA S. CLARK ("Appellants") sued Defendant/Appellee's LONITA K. BAKER ("Appellee" or "Baker") for trademark infringement in violation of 15 U.S.C. § 1114, over which the United States District Court for the Central District of California had subject matter jurisdiction under 28 U.S.C. §1331 and supplemental jurisdiction over the state law causes of action in the Complaint pursuant to 28 U.S.C. § 1367(a).

Appellants appeal from the District Court's Judgment in a Civil Case ("Judgment") and Order Granting Defendant's Motion to Dismiss for Lack of Personal Jurisdiction; *see* ER-178; ER-4; ER-5.

This Ninth Circuit Court of Appeals has jurisdiction over Appellants' appeal of the Judgment and Order pursuant to 28 U.S.C. § 1291, which provides: "[t]he courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. §1291. "Final decisions end the litigation on the merits and leave nothing for the court to do but execute the judgment." *Cassirer v. Kingdon of Spain*, 580 F.3d 1048, 1054 (9th Cir. 2009).

1

The Judgment and Order are both "final decisions," as they did not leave any matter to be determined by the District Court as to any party and completely disassociated the District Court from this case. *Reuber v. United States*, 773 F.2d 1367, 1368 (D.C. Cir. 1985) (holding order of dismissal based upon lack of personal jurisdiction was a final decision: "When a district court has disassociated itself from a case in all respects, it has made its 'final decision.'"); *See Concha v. London*, 62 F.3d 1493, 1507 n7 (9th Cir. 1995) ("plaintiff may appeal dismissal for lack of personal jurisdiction") *citing Reuber; TechnoSteel, LLC v. Beers Constr. Co.*, 271 F.3d 151, 158 (4th Cir. 2001) ("a district court's dismissal of plaintiffs' claims against a defendant based upon a lack of personal jurisdiction was a final decision ripe for immediate appellate review"); s*ee also, Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1186 (9th Cir. 2002) (noting that the Ninth Circuit has jurisdiction over an action dismissed for lack of personal jurisdiction under 28 U.S.C. § 1291 and reversing district court's dismissal).

Pursuant to Fed. R. App. Proc. 3(a)(1)(A), the notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. Proc. 3(a)(1)(A). The Order here was entered on August 15, 2024, 2024. ER-5. The Judgment was entered on August 15, 2024. ER-4. Accordingly, Appellants' Notice of Appeal filed on September 9, 2024, was timely. ER-178.

2

**Issues Presented**

1. Does personal jurisdiction exist in the United States District Court for the Central District of California over Appellee Lonita K. Baker?

2. Did the District Court abuse its discretion in allowing Appellee Lonita K. Bater to proceed with the Motion to Dismiss for Lack of Personal Jurisdiction when Appellee failed to comply with the requirements of the Local Rules of the Central District of California?

3. Did the District Court err in denying Appellant's request for jurisdictional discovery before rendering a decision on the Motion to Dismiss?

**Statement of Case and Facts**

This case involves a trademark infringement dispute by way of infringement upon a collective membership mark owned by Appellant, THE DIVA LAWYERS SOCIAL CLUB, INC. and registered on the Federal Register on June 4, 2019. ER-159.

Appellant, THE DIVA LAWYERS SOCIAL CLUB, INC. (sometimes referred to herein as "Social Club") is a mutual benefits, nonprofit organization formed in the State of California on February 4, 2015 as a social club of female attorneys. ER-48. While the current members of the Social Club are residents and citizens of the State of California, the organization has plans to expand its

3

membership nationwide to secure members throughout the United States. ER-48. Appellant, ATYRIA S. CLARK, is an active member and officer and director of the Social Club. ER-48.

On June 4, 2019 the Social Club secured registration of its collective membership mark "Diva Lawyers" and has been actively using its mark to identify members of the club. ER-48. The sole purpose of a collective membership mark is to identify members of a particular organization and only members of the organization are authorized to use the mark to identify themselves as members of the club. *Aloe Crème Laboratories, Inc. v. American Society for Aesthetic Plastic Surgery, Inc*., 192 USPQ 170, 173 (TTAB 1976).

On May 29, 2018, Appellee, LONITA K. BAKER ("Appellee" or "Baker"), applied to register the mark, "Diva Attorney Lonita Baker," with the United States Patent and Trademark Office ("USPTO") for "providing legal information, namely legal information about civil rights, personal injury, business law, and criminal law to clients hired by an individual attorney and not pertaining to membership in any social club organization." ER-48. Initially, the USPTO denied registration finding that this mark was confusingly similar to the "Diva Lawyers" collective membership mark. ER-48. At some point and for some unknown reason, Baker was ultimately allowed to publish her mark. ER-48. In response, the Social Club filed an Opposition to registration of this mark on April 23, 2021. ER-48. The

4

Opposition was filed on the basis that Appellee's mark was confusingly similar to the mark "Diva Lawyers" and that registering the mark "Diva Attorney Lonita Baker" would cause members of the public to falsely believe that Baler was a member of or connected with THE DIVA LAWYERS SOCIAL CLUB INC's organization. ER-48. The Social Club also contended that Baker never intended to use the mark in commerce for the identified goods or services. ER-48.

In response to the Opposition proceedings, Baker filed a Petition to Cancel the mark "Diva Lawyers" claiming that the organization never used the mark in commerce. ER-48.

Baker has routinely and continuously used the mark "Diva Attorney Lonita Baker" in connection with her name and to identify and brand herself as the "Diva Attorney." ER-48; ER-159. She has used the mark as a moniker and has used this mark in the State of California while admittedly present in the State of California doing business in this state. ER-48; ER-159; *See* ER-43. Moreover, this moniker is intrinsically connected and intertwined with Defendant's name. ER-48. Any basic search of the internet of the name "Lonita K. Baker" or "Lonita Baker" will lead to the mark "Diva Attorney." ER-48.

The use of the mark "Diva Attorney" conflicts with the "Diva Lawyers" mark because it causes members of the public to believe that Baker is a member of the Social Club or is somehow connected with the Social Club. ER-159. Baker

maintains a website www.divaattorney.com and a social media presence under "Diva Attorney" to brand herself as the "Diva Attorney" which is confusingly similar to the mark "Diva Lawyers." ER-48; *See* ER-43. Attorneys throughout California and in this district have associated Baker with the name "Diva Attorney." ER-48. Anyone who interacts with Baker and is referred to her website or social media pages will link to her brand "Diva Attorney" and connect her with that name. ER-48. In fact, Baker has also engaged in at least one national podcast where she discusses her intent to establish her brand "Diva Attorney" in connection with her name. ER-48.

In effect, these activities infringe on Appellants' collective membership mark (which is an identifying mark) nationwide and in the State of California where Baker has admittedly been present to conduct business on at least three occasions. ER-43; ER-146.

### Procedural History

On February 15, 2024, Appellants filed a civil action for trademark infringement and other relief against Appellee alleging that Appellee engaged in tortious trademark infringement upon Appellants' collective membership mark in violation of 15 U.S.C. § 1114. ER-159. Appellants also alleged violations of state trademark law to include causes of action for trademark infringement under California Business & Professions Code § 14320 and under California common law

6

and for unfair competition under California Bus. & Prof. Code § 17200 and under California common law. ER-159. Appellants also sought declaratory and injunctive relief. ER-159.

On May 8, 2024, Appellee filed a defective Motion to Dismiss for Lack of Personal Jurisdiction and/or Improper Venue ("Motion to Dismiss"). ER-155; ER-146. The Motion was defective for a number of reasons including Appellee's failure to follow Local Rule 7-3 which requires the parties to meet and confer at least seven days prior to filing a motion to dismiss. ER-108; ER-143. The Motion also failed to comply with Fed. R. Civ. Proc., Rule 7-1.1 due to no notice of interested parties. ER-144. The Motion also failed to comply with Local Rules 7-4 through 7-8 regarding the proper formatting of the motion and regarding the requirement that a movant include a declaration stating facts in support of the motion. ER-144; ER-108; ER-143. Appellee's Motion to Dismiss failed to comply with any of the procedural requirements of the federal and local rules, including the requirement to include facts through a written declaration stating facts in support of the motion. *See* Local Rule 7-6. In fact, Appellee's Motion to Dismiss did not include any facts at all in support of the Motion since she did not include the required declaration. ER-144; ER-108. However, the District Court judge allowed Appellee to proceed on the Motion to Dismiss despite these defects. ER-143; ER-46; ER-34. Although Appellee

7

appeared in the action in pro per, Appellee is a licensed attorney who knew or should have known how to comply with the procedural rules of the court. ER-143.

On August 15, 2024, the District Court judge granted Appellee's Motion to Dismiss finding that Appellants did not show that the court had personal jurisdiction over Appellee. ER-5. The District Court judge determined that "Plaintiffs have failed to establish the 'express aiming' requirement of the purposeful direction test." ER-5. The judge found that "[d]efendant's maintenance of a website and social media pages...without 'something more' is insufficient to establish 'express aiming.' ER-5. However, this determination failed to consider the "something more" in that Baker physically appeared in the State of California and held herself out as "Diva Attorney" in the State of California.

The judge also determined that Plaintiffs could not establish that their claim "arises out of or relates to the defendant's forum-related activities' by finding that "[p]laintiffs have not shown that they would not have been injured "but for" Defendant's trips to California. ER-5. However, the Order does not specify how the judge came to this conclusion.

The judge then made findings concerning the third prong of the Ninth Circuit test for personal jurisdiction. ER-5. The judge concluded that the "reasonableness"

factors did not weigh in favor of the Court's exercise of personal jurisdiction over the Defendant for the following reasons:

a) The District Court found that Defendant did not conduct any business in California to meet the purposeful interjection factor of the third prong of the test. However, this determination failed to consider that Defendant admittedly came to the State of California to conduct business on at least three occasions. ER-5.

b) The District Court found that the burden on defendant only weighed slightly against the Court's exercise of personal jurisdiction over Defendant given the "'modern advances in communications and transportation. ER-5.

c) The District Court found that it was unlikely that the Court's exercise of personal jurisdiction over Plaintiffs' claims would not undermine the sovereignty of another state and determined that this factor weighed in favor of the exercise of personal jurisdiction over the Defendant. ER-5.

d) The District Court determined that California's interest in providing an effective means for its residents tortiously injured weighed in favor of the Court's exercise of personal jurisdiction over the Defendant. ER-5.

e) The District Court was neutral in its determination of whether efficient judicial resolution weighed in favor or against the exercise of personal jurisdiction over the Defendant. ER-5.

f) The District Court determined that courts have "'given little weight to the plaintiff's inconvenience" in litigating in another and remained neutral on this factor. ER-5.

g) The District Court determined that because other forums such as Kentucky might be appropriate for the action, the district court found that this factor weighed against the Court's exercise of personal jurisdiction over the Defendant. ER-5.

The District Court further determined that it would not allow Plaintiffs to conduct jurisdictional discovery because Plaintiffs did not explain how the jurisdictional discovery they sought would render the Court's exercise of personal jurisdiction over Defendant reasonable. ER-5.

## Summary of the Argument

As the District Court's Order granting Baker's Motion to Dismiss is reviewed *de novo*, the Court must independently evaluate whether Appellants can meet their relatively low burden to make a *prima facie* showing of either general or specific jurisdiction. Appellants can carry their burden. In fact, many of Baker's contacts, standing alone, are sufficient to support jurisdiction. When Baker's contacts are

considered in the aggregate, as they must, and in the context of infringement upon a collective membership mark, the case for jurisdiction is undeniable.

Baker admittedly traveled to the State of California on at least three occasions to do business. ER-43; ER-146. Baker allegedly has held herself out to various attorneys in the State of California and to the public in California as the "Diva Attorney". ER-48. Baker maintains a website and a social media presence using the name Diva Attorney" that reaches citizens of the State of California. ER-48; *See* ER-43. At least one California attorney has recognized Baker as the "Diva Attorney" indicating that on at least one occasion, Baker has held herself out to a California attorney as the "Diva Attorney" and that attorney has connected her with that brand. ER-48. Remarkably, the district court relied on a statement in Appellee's declaration that she "has not held herself out as "Diva Attorney" in professional settings" to determine that Appellee did not use the mark in California, this determination failed to consider that Appellee did not indicate that she never used the mark "Diva Attorney" in California or that she never used the mark in a social or personal setting in California. ER-5; ER-43.

Moreover, Baker infringed on Appellants' federally registered collective membership mark "Diva Lawyers" after being fully aware that the Social Club is headquartered in the State of California and that Atyria S. Clark, one of its members, is a resident of the State of California. Baker's infringement continued even after

11

this action was filed. The Ninth Circuit decision in the case of *Brayton Purcell LLP*

*v. Recordon & Recordon*, 575 F.3d 981 (9th Cir. 2009) confirms that this is more

than enough for the district court to have exercised specific jurisdiction.

Finally, specific jurisdiction is proper considering Baker's continuous and

systematic business conduct targeting California and her activities in the forum. The

centerpiece of Baker's conduct is her website and social media presence through

which she brands herself as the "Diva Attorney".

Appellants' claims also arise, in part, out of Bakers infringement of the

collective membership mark of a California resident and a California-based business

entity that Baker knew resided and would be harmed in California. Thus, it is not at

all inequitable for Baker to answer for her wrongs in California.

## Argument

### I.     Standard of Review.

A district court's dismissal for lack of personal jurisdiction is reviewed *de

novo. Washington Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 671 (9th Cir.

2012); *Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 919 (9th Cir. 2011). On

appeal, a plaintiff need make only a *prima facie* showing of jurisdictional facts to

withstand a motion to dismiss held without an evidentiary hearing. *Id* (citing *Doe v.

Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). When the district court did not

hold an evidentiary hearing, the plaintiffs "need *only* demonstrate facts that *if true* would support jurisdiction over the defendant." *Id* (emphasis added).

## II.  Personal Jurisdiction

Personal jurisdiction "is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). The plaintiff bears the burden of establishing that a court has personal jurisdiction over a defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). The plaintiff is "obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Mktg. Sys. Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).

If a court decides to rule on personal jurisdiction without an evidentiary hearing, a plaintiff must make only a *prima facie* showing of jurisdictional facts to survive the motion. *Bauman*, 644 F.3d at 919. In this case, the District Court ruled on the issue of personal jurisdiction without an evidentiary hearing, thus Appellants were only required to make a prima facie showing of jurisdictional facts to defeat the motion to dismiss.

The "uncontroverted allegations in [plaintiffs'] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiffs'] favor" to determine if Plaintiffs have established a *prima*

*facie* showing." *See*, *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

Due process requires that a nonresident defendant have sufficient minimum contacts with the forum state so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Data Disc., Inc. v. Systems Tech. Assn., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). Courts recognize two bases for personal jurisdiction within the confines of due process: (1) general jurisdiction, which permits the forum court to exercise jurisdiction over the defendant in all matters; and (2) specific jurisdiction, which arises out of the defendant's contacts with the forum giving rise to the subject litigation. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011); *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 30-1-02 (9th Cir. 1986). The Ninth Circuit Court of Appeals articulated the following three-prong test for finding personal jurisdiction: First, the defendant must have purposefully availed herself of the state's benefits. Second, the controversy must be related to or arise out of the defendant's contacts with the state. Third, considering the defendant's contacts with the state and other factors, California's exercise of jurisdiction over the defendant must comport with traditional notions of fair play and substantial justice. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).

14

A plaintiff bears the burden of establishing the first two requirements, and, if plaintiff establishes these requirements, the burden shifts to the defendant to show that California's exercise of jurisdiction would be inherently unreasonable. *Gilmore Bank v. AsiaTrust New Zealand Limited*, 223 Cal. App. 4th 1558, 1567-69 (2014). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *CollegeSource, Inc.*, 653 F.3d at 1073, citing *Burger King Co.*, 471 U.S. 462, 476-78. "In this posture, we take as true all uncontroverted allegations in the complaint and resolve all genuine factual disputes in the plaintiff's favor." *Id.*; *Ochoa v. J.B. Martin & Sons Farms*, 287 F.3d 1182, 1187 (9th Cir. 2002) ("conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor") (internal quotations omitted). "The relevant inquiry is whether the plaintiff's choice of forum is a *proper* place for personal jurisdiction, not whether it is the best one." *Cortina v. Bristol-Myers Squibb Co.*, 2017 U.S. Dist. LEXIS 100437, *11-12 (N.D. Cal. June 27, 2017) (Tigar, J.) (emphasis in original).

### A. Purposeful Direction.

The Ninth Circuit has explained that the "touchstone" of the first prong for specific jurisdiction is "whether the defendant's conduct and connection with the

15

forum state are such that he should reasonably anticipate being hauled into court there." *Gordy v. Daily News, L.P.*, 95 F.3d 829, 832 (9th Cir. 1996) (internal quotations omitted).[1] As such, Appellants must establish that the Appellee purposefully availed herself of the privilege of conducting activities in California or purposefully directed activities toward the forum. *Schwazenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). These two inquiries are often equated to "purposeful availment,"…but availment and direction are, in fact, two distinct concepts. *Id*. (citations omitted). An analysis of purposeful availment of privileges of the forum state typically centers on the defendant's actions in the forum state and is usually analyzed in connection with contract disputes. *Id*. An analysis of purposeful direction, on the other hand, is typically used in tort suits and *normally centers on actions performed outside the forum that are directed toward the forum*. *Id*. at 802-803.

### 1. Intentional Tort Committed Within the Forum State

Courts regularly exercise jurisdiction over defendants who commit intentional torts within the forum state. *See, e.g.*, *Data Disc., Inc.,* 557 F.2d at 1288 (9th Cir. 1997) ("The inducement of reliance in California is a sufficient act within California to satisfy the requirement of minimum contacts where the cause of action arises out

---

[1] *Gordy* concerned personal jurisdiction in California. California's long-arm statute extends jurisdiction to the limits imposed by the Due Process Clause. *Gordy*, 95 F.3d at 831

of that inducement."); *Resnick v. Rowe*, 283 F.Supp.2d 1128, 1136-37 & n. 4 (D. Hawaii 2003) (finding personal jurisdiction over non-resident defendant who made tortious misrepresentations to non-resident plaintiff in the forum state of Hawaii.) *See also Nelson v. Millennium Labs, Inc*., No. 2:12-CV-01301-SLG, 2012 WL 12826476, at *3 (D. Ariz. Oct. 2, 2012) (finding the first prong satisfied where a nonresident committed sexual harassment in the forum state); *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 628 (5th Cir. 1999) (concerning mostly out-of-forum conduct but explaining, "[w]hen a nonresident defendant commits a tort within the state….that tortious conduct amounts to sufficient minimum contacts with the state by the defendant to constitutionally permit courts within that state, including federal courts, to exercise personal adjudicative jurisdiction over the tortfeasor and the cause of action arising from its offenses or quasi-offenses.").[2] As the Ninth Circuit has explained, "[a] state has a special interest in exercising jurisdiction over those who have committed tortious acts within the state." *Data Disc., Inc*., 557 F.2d at 1288. Therefore, where an intentional tort has been carried out in the forum, the defendant has purposefully directed its activities to the forum sufficient to satisfy the first jurisdictional prong.

---

[2] The courts in *Nelson, Resnick*, and *Guidry* explained that the long-arm statutes of Arizona, Hawaii, and Louisiana, respectively, were coextensive with the Due Process Clause at the time of decision. *Nelson*, 2012 WL 12826476, at *2; *Rowe*, 283 F.Supp.2d at 1134-35; *Guidry*, 188 F.3d at 624.

Here, Appellee intentionally traveled to California on at least three occasions to conduct speaking engagements in the State of California and to conduct business and to participate in other various events in the legal community in California. Appellee, as alleged in the Complaint, promoted herself as "Diva Attorney" to other attorneys and to the public. ER-159; ER-48. Appellee has established sufficient minimum contacts with the forum for the United States District Court for the Central District of California to assert personal jurisdiction over Appellee. Appellee reasonably expected to be called to answer for her wrongful conduct in the place where she committed the tortious act.

Courts have found that attendance at trade show can satisfy the first prong. *See, Elan Micorelectronics Corp. v, Pixir Microelectronics Co.*, 2012 WL 523695, at *6-7 (D. Nev. Feb. 16, 2012) (finding purposeful direction satisfied for specific jurisdiction over a corporation where an officer of the corporation attended a trade show in Nevada as a representative of the corporation); *Robert Bosch LL v. ADM 21 Co., Ltd.*, No. 2:10-cv-01930-RLH-LRL, 2011 WL 2619335, at *4 (D. Nev. July 1, 2011) (finding purposeful availment based in part on defendant's attendance and displays at trade showing and noting, "Numerous courts have found defendants to have purposefully availed themselves by attending trade shows within a forum state."); *Firouzabadi v. First Judicial Dist. Court In & For Carson City*, 110 Nev. 1348, 1353 (1994) (holding that personal jurisdiction was appropriate in Nevada

18

over a New Jersey resident sued by a California resident where the California resident had contracted with the New Jersey seller at a trade fair conducted in Nevada; rejecting the argument that the New Jersey seller's appearance at the trade show was not directed at Nevada residents). Therefore here, where Defendant attended speaking engagements in California and committed trademark infringement, the first prong is satisfied.

*First*, the "intentional act" element is satisfied because Defendant attended and spoke at a conference in California and held herself out to other attorneys and the public as "Diva Attorney". The Ninth Circuit has explained that intent under the effects test refers to "an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Brayton Purcell LLP*, 606 F.3d at 1128-29 (9th Cir. 2010) (finding an intentional act where defendants created and posted a section on their website infringing on the plaintiff's copyright); *see also Mavrix Photo, Inc. v. Brand Techs*., *Inc*., 647 F.3d 1218, 1231 (9th Cir. 2011) (there was "no question" that the defendant acted intentionally when it reposted allegedly infringing photos).

### 2. Intentional Tort Committed Outside the Forum State

For intentional torts occurring outside the forum state, the Ninth Circuit Court applies the *Calder* effects test in examining purposeful direction of a defendant's

activities toward a forum. *See Calder v. Jones*, 465 U.S. 783, 788-90 (1984); *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

Because this case involves intentional torts committed when the Appellee traveled to the forum state, the *Calder*-effects test does not control;[3] however, it too lends support for the exercise of personal jurisdiction in this case. The effects test is a three-factor test to determine the purposeful direction prong and is generally applied to torts committed outside of the forum. *CE Distribution, LLC v. New Sensor Corp.*, 380 F.3d 1107, 1111 (9th Cir. 2004) ("When an intentional tort claim is asserted, purposeful availment of the privilege of conducting activities in the forum state can be met by the 'purposeful direction of a foreign act having effect in the forum state.' [T]his standard, referred to as the 'effects test,' was articulated by the United States Supreme Court in [*Calder v. Jones*, 465 U.S. 783 (1984)].").

Even under the *Calder*-effects test, the first prong is satisfied because Appellee purposefully directed an act at the forum state with effects in the forum

---

[3] *See Martensen v. Koch*, 942 F. Supp. 2d 983, 994, 996 (N.D. Cal. 2013)("[T]he 'effects' test appears unnecessary where, as here, part of the alleged tort occurred in [forum....] Because Plaintiff has adequately alleged that Defendant committed the tort of false imprisonment within the forum, the Court accordingly finds that Plaintiff has made a prima facie showing of minimum contacts needed to establish personal jurisdiction."), *reconsideration granted in part, Martensen v. Koch*, No. C-12-05257 JSC, 2013 WL 4734000, at *7 (N.D. Cal. Sept. 3, 2013) (finding personal jurisdiction and venue proper but exercising discretion to transfer venue). Here, as in *Martensen*, jurisdiction is proper over defendant who is alleged to have committed the intentional tort of trademark infringement against the plaintiffs in the forum state.

state by using the mark "Diva Attorney" in a manner that infringes on Appellants' collective membership mark "Diva Lawyers" and holding herself out as "Diva Attorney" to other attorneys in the State of California and to the public. The effects test is satisfied where the defendant has allegedly (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *CE Distribution*, 380 F.3d at 1111.

### a. Intentional Act

Intent under the *Calder* effects test is construed as "an intent to perform an actual, physical act in the real word, rather than an intent to accomplish a result or consequence of that act." *Schwarzenegger*, 374 F.3d at 806. Operation of a website constitutes an intentional act. *Brayton Purcell LLP*, 606 F.3d at 1129. ("operating a passive website was an intentional act"); *see also, Datatech Ent. LLC v. FF Magn at Ltd.*, No. C 12-04500 CRB, 2012 WL 4068624, at *2 (N.D. Cal. Sept. 14, 2012) ("The intentional act element is broadly construed, and can be met by the mere operation of a website…"). Owning and operating a web site is an intentional act for the purposes of specific jurisdiction. *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1209 (9th Cir. 2020).

Baker is an admitted owner of www.DivaAttorney.com. Baker stated that she developed the website in 2018 and operated it as a blog page. ER-43. She also indicated that she maintains a social media presence as "Diva Attorney". The

21

website www.DivaAttorney.com and Baker's social media pages under "Diva Attorney" are available worldwide, including in the United States and in the State of California and are accessible to attorneys and the public in the State of California. The operation of these sites alone are enough to satisfy the intentional act requirement of the purposeful direction analysis for personal jurisdiction under the *Calder* effects test.

### b. Express Aiming

"The second part of the *Calder*-effects test requires that the defendant's conduct be expressly aimed at the forum." *Brayton Purcell*, 575 F.3d at 986.

"Express aiming is a concept that in the jurisdictional context hardly defines itself." *Bancroft Masters, Inc. v. Augusta National*, 223 F.3d 1082, 1087 (9th Cir. 2000). This much, however, is clear: "the [express aiming] requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Id.*

In the past, courts "have struggled with the question whether tortious conduct on a nationally accessible website is expressly aimed at any, or all, of the forums in which the website can be viewed.'" *See Mavrix Photo, Inc. v. Brand Techs, Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011). The Ninth Circuit Court of Appeals has held that while "maintenance of a passive website alone cannot satisfy the express aiming prong…operating even a passive website in conjunction with 'something more'—

22

*conduct directly targeting* the forum—is sufficient." *Id.* (Emphasis added.) To determine that "something more," the Ninth Circuit considers "the interactivity of the defendant's website, the geographic scope of the defendant's commercial ambitions, and whether the defendant 'individually targeted' a plaintiff known to be a forum resident. *Id.*

In *Mavrix* court found considered specific personal jurisdiction where the plaintiff's alleged infringement by the defendant for "posting its copyrighted photos on its website." *Id.* at 1221. The *Marvix* court determined that there must be "something more" by way of conduct targeting the forum than the operation of a passive website. In *Marvix*, that something more was the use of copyrighted photos specific to the California market.

This Ninth Circuit's decision in *Ayla, LLC v. Alya Skin Pty., Ltd.*, 11 F.4th 972 (9th Cir. 2021) is instructive as to further defining the "something more." There, Plaintiff Ayla sued Australian based Alya for trademark infringement. Alya obtained a trial court order dismissing the action for lack of personal jurisdiction, arguing that it had no retail stores, offices, employees, real property in the United States; did not sell product in any United States retail stores; did not solicit business from Americans; did not advertise in United States publications; had less than 10% of its sales in the United States; and did not contract directly with United States social media influences, but contracted with a foreign broker. *Id.* at 977. (Such assertions

23

are similar to Appellee's assertions in the instant matter concerning her lack of contacts with the State of California.) Based on these assertions, the trial court dismissed the action against Alya.

The Ninth Circuit reversed the dismissal and found Alya to have expressly aimed its actions to the United States. In reviewing whether there was "something more" which established a direct connection with the United States, the Court found that statements on promotional materials could only be interpreted as appealing "to American consumers and no others." *Id*. at 980.

Here, Appellee maintains a website and promotes a social media presence that displays a mark that infringes on Appellants' collective membership mark. Moreover, Appellee has branded her name and identity as "Diva Attorney Lonita Baker" and held herself out in the State of California and to residents of the State of California as "Diva Attorney" or "Diva Attorney Lonita Baker." She has engaged in business and contractual relationships with residents and attorneys in the State of California. She maintains a website and a social media presence that has nationwide reach, including to the residents of the State of California. Moreover, Appellee has applied for a federal registration of her mark "Diva Attorney Lonita Baker" evincing an intent to seek nationwide protection for this mark, including in the State of California.

### c. Harm in the Forum

The final element requires that the defendant's conduct have "caused harm that it knew was likely to be suffered in the forum." *Brayton Purcell*, 575 F.3d at 988. "This element is satisfied when defendant's intentional act has 'foreseeable effects' in the forum." *Id.* It is not required that the brunt of harm be suffered in the forum. *Fiore v. Walden*, 657 F.3d 838, 853 (9th Cir. 2011); *Brayton Purcell LLP*, 606 F.3d at 1131; *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1207 (9th Cir. 2006). Instead, the foreseeable-harm "element is satisfied when defendant's intentional act has 'foreseeable effects' in the forum." *Fiore*, 657 F.3d at 852; *Bancroft & Masters, Inc.*, 223 F.3d at 1087.

Clearly, the economic loss caused by the intentional infringement of a plaintiff's copyright is foreseeable. *Keeton v. Hustler Magazine*, 465 U.S. 770, 780 (1984). As such, Baker's acts of trademark infringement had a foreseeable effect in California.

It is dispositive that Baker failed to offer any evidence to "directly contradict" Appellants' allegation that Baker knowingly and willfully infringed upon Appellants' collective membership mark after she received notice, alerting Baker that she was infringing upon a collective membership mark of California residents, and also throughout years of litigation before the Trademark Trials and Appeals

Board ("TTAB") which made Baker fully aware that she was infringing upon a mark of California residents and that Appellants would suffer harm in California.

As the uncontradicted allegations and evidence establish that Baker used the infringing mark "Diva Attorney Lonita Baker" *after* having become aware that Appellant THE DIVA LAWYERS SOCIAL CLUB, INC is a California corporation and after having become aware that its member Atyria S. Clark is a California resident, the first prong of this Court's test for specific jurisdiction under the Calbert-effect is satisfied.

### B. Arises Out of Or Relates to Defendant's Forum-Related Activities.

To determine whether a claim arises out of forum-related activities, a "but for" test is applied. *Mattel, Inv. v. Greiner & Hausser GmbH*, 354 F.3d 857, 864 (9th Cir. 2003). In other words, "the court considers whether plaintiff's claims would have arisen but for defendant's contacts with California." *Thomas Weisel Partners LLC v. BNP Paribas*, 2008 U.S. Dist. LEXIS 65936 at *20 (N.D. Cal. Aug. 25, 2008); *See Mattel*, 354 F.3d at 864. "The focus is a broad one, analyzing whether the entire course of events was made possible by defendant's contacts in the forum state." *Wanlass v. Olfman*, 2007 U.S. Dist. LEXIS 18008 at *18-19 (Dist. Or. 2007); *See Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385-386 (9th Cir. 1991) (discussing reasons behind broad interpretation of "arising out of" requirement).

The second prong of the Ninth Circuit's jurisdictional test requires that the claim arises out of or relates to defendant's forum-related activities. *CE Distribution*, 380 F.3d at 1111. This prong is satisfied where the plaintiff would not have been injured "but for" the conduct in the forum. *Harris Rutsky & Co. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1131-1132 (9th Cir. 2003). Appellee's trademark infringement was made at conferences in California and by Appellee maintaining a website and a social media presence using a mark that infringes upon Appellants' collective membership mark. Therefore, Appellants' claims would not have arisen but for Appellee's contacts with the forum, and the second prong is satisfied.

The immediate case is the direct result of Baker's contacts with California. Baker admittedly traveled to the State of California on at least three occasions to engage in business activities within the State of California and as alleged in Appellants' Complaint, held herself out as "Diva Attorney" in this state. Her name, Lonita Baker, is incorporated into her mark "Diva Attorney, Lonita Baker" and anyone in the State of California who engages with Baker will know her by Diva Attorney since she has branded that mark with her name. Moreover, Baker's website and social media presence displaying her infringing name "Diva Attorney" reaches California residents and causes members of the public to believe that Baker is a member of THE DIVA LAWYERS SOCIAL CLUB, INC. Additionally, Baker is attempting to register the mark "Diva Attorney Lonita Baker" as a federal trademark

to seek federal trademark protection nationwide, including in the State of California. But for Baker using the name "Diva Attorney" in connection with her name, in the State of California, Appellants would not be harmed in the State of California.

## C. Reasonableness.

Once a plaintiff has established the first two prongs of the jurisdictional test, as is the case here, the burden is shifted to the defendant to show that the exercise of jurisdiction would be unreasonable. *Harris Rutsky*, 328 F.3d at 1132. "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477; *see also Schwarzenegger,* 374 F.3d at 802.

Courts will generally consider seven factors when determining reasonableness. *Harris Rutsky*, 328 F.3d at 1132. These factors are: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Id*.

Consideration of these factors shows that California's exercise of jurisdiction over Appellee is reasonable. Here, Appellee has not met her burden to show that exercise of jurisdiction in California is unreasonable because she has not presented a "compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id*. In fact, Appellee failed to present any facts or arguments in her Motion or Supplemental Declaration to establish that California's exercise of personal jurisdiction over her would be unreasonable. *See* ER-43; *see also*, ER-155.

First, Appellee intentionally traveled to the state of California on at least three occasions to participate in and speak at conferences in the course of business and maintains a website and a social media presence that reaches residents of the State of California. Appellants alleged that Baker regularly holds herself out as "Diva Attorney" to other attorneys in the State of California and maintains a website with the sole purpose of identifying her as "Diva Attorney" to establish her brand as "Diva Attorney" in conflict with use of the mark "Diva Lawyers". Therefore, Appellee has purposefully interjected herself into California.

Second, the burden on Appellee of defending in California is relatively low. According to Appellee, she routinely travels to the State of California to engage in business and attend seminars. In the course of her business she attends various events in the state. Therefore, it would not be excessively burdensome to require her to

defend herself in California, the forum where she committed an intentional tort. Moreover, she has applied for national trademark protection of her mark "Diva Attorney" which would require her to potentially have to bring suit against citizens of the State of California to defend that mark, should it ever become a registered mark. Moreover, any burdens of litigating from Kentucky are minimal in today's technologically advanced world. Virtually all discovery can be handled over various internet tools and services. Written discovery, depositions, and even mediations can be held without Appellee's direct actual presence in Kentucky. If Appellee is required to appear in person at trial, business travel to California is routine and Appellee has engaged in such travel on at least three occasions already. Additionally, testimony could be presented via video feed.

The third and fourth factors concern the potentially conflicting interests between the forum state and a defendant's home state in adjudicating the dispute. In this case, the issue is whether there is a conflict between California and Kentucky. California has a strong interest in adjudicating intentional torts that occur in California against residents of California. *See Data Disc., Inc*., 557 F.2d at 1288 ("A state has a special interest in exercising jurisdiction over those who have committed tortious acts within the state."). A different rule would lead to absurd results, such that out-of-state intentional tortfeasors would not be subject to jurisdiction in the place of their wrongful conduct. Appellee here has significantly interjected herself

30

into California. Holding Appellee accountable in California for her actions hardly impinges on the sovereignty of any other state.

The fifth factor, most efficient judicial resolution of the controversy, focuses on the location of the evidence and witnesses. *Harris v. Rutsky*, 328 F.3d at 1133. This factor is "no longer weighed heavily given modern advances in communication and transportation." *Id*. Moreover, most witnesses in this case reside in and practice law in the State of California, it would be reasonable to convene at the place of the wrongful conduct.

The sixth factor, importance of the forum to a plaintiff's interest in convenient and effective relief, weights in favor of Appellants here. If the case is dismissed, Appellants' significant time and resources invested in the California litigation would be for naught and Appellants would expend additional time and money refiling the action in Kentucky. Moreover, Plaintiff, THE DIVA LAWYERS SOCIAL CLUB INC would be unduly burdened if it is forced to bring this action in Kentucky as this Plaintiff would need to secure an attorney who is licensed to practice law in the state of Kentucky and in the federal courts of Kentucky to represent this Plaintiff. Otherwise, this Plaintiff would need to secure pro hac vice approval for Plaintiff Atyria Clark to get permission for Ms. Clark to represent this Plaintiff in Kentucky.

Finally, courts will consider whether an adequate alternative forum exists. Appellants agree that Kentucky also has personal jurisdiction over Defendant.

However, the fact that an alternative forum exists to which Appellants are amenable does not overcome the other factors that favor California jurisdiction. *See, e.g., Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 841 (9th Cir. 1986) ("As to the existence of an alternate forum, [plaintiff] is clearly amendable to suit in Illinois…but this factor cannot overcome the others which favor Montana jurisdiction"). As discussed above, courts have held that the exercise of jurisdiction in similar circumstances would be appropriate, such as where nonresident defendants attended trade shows or committed intentional torts in the forum state. *See, e.g.*, cases cited *supra* Section II.A.1. *See also Baker,* 116 Nev. At 534 (holding personal jurisdiction over California citizen was reasonable where defendant purposefully directed himself to forum and claim arose from plaintiff's one-night hotel stay in Las Vegas).

In sum, because Appellee has sufficient contacts with California relating to Appellants' infringement claims, including tortious conduct in the State of California, and personal jurisdiction would be reasonable, the exercise of jurisdiction by the District Court of the Central District of California would be appropriate.

## III. Appellee's Lack of Compliance with the Rules

### A. Appellee Did Not Comply with Local Rule 7-3 Prior to Filing the Motion

Local Rule ("L.R.") 7-3 of the Central District of California provides that:

"[i]n all cases not listed as exempt in L.R. 16-12, and except in
connection with discovery motions (which are governed by
L.R. 37-1 through 37.4) and applications under F.R.Civ.P 65
for temporary restraining orders or preliminary injunctions,
counsel contemplating the filing of any motion must first
contact opposing counsel directly to discuss thoroughly,
preferably in person, the substance of the contemplated motion
and any potential resolution. The conference must take place at
least 7 days prior to the filing of the motion."

That Rule further provides that: "[i]f the parties are unable to reach a
resolution that eliminates the necessity for a hearing, counsel for the moving party
must include in the notice of motion a statement to the following effect: 'This
motion is made following the conference of counsel pursuant to L.R. 7-3 which
took place on (date).'"

Appellee failed to meet and confer with Plaintiffs' counsel at any time before
filing her motion to dismiss. Appellee failed to submit any statement in her motion
that complies with the requirements of L.R. 7-3. In fact, Appellee did not even
include a notice of motion with her filing.

## B. Appellee Did Not Comply with the Documentary Requirements of Local Rules 7-4 through 7-8

Local Rule 7-4 of the Central District of California states that: "[t]he Court
may decline to consider a motion unless it meets the requirements of L.R. 7-3
through 7-8." That rule further provides that on the first page of a notice of motion,
the filer shall include the title of the document, the date and time of the motion

33

hearing, the name of the judicial officer, and a concise statement of the relief or Court action the movant seeks. L.R. 7-4. Here, Appellee failed to include any notice of motion with her filed Motion to Dismiss.

Local Rule 7-5 states the requirements for the moving papers attached to the notice of motion. This rule requires that the movant must include a brief but complete memorandum in support of the motion with points and authorities and also must include the evidence upon which the moving party relies upon to support the motion. L.R. 7-5. Further, Local Rule 7-6 requires that: "[f]actual contentions involved in any motion and opposition to motions shall be presented, heard, and determined upon declarations and other written evidence (including documents, photographs, deposition excerpts, etc.) alone, except that the Court may, in its discretion, require or allow oral examination of any declarant or any other witness."

Appellee's Motion to Dismiss is not supported by any factual contentions or evidence whatsoever. Appellee did not include any Declaration signed under penalty of perjury to support any contentions she states in her Motion to Dismiss to establish that Appellee does not have any contact with the State of California sufficient to establish personal jurisdiction over Appellee. Plaintiffs objected to any late-filed attempts to submit a written Declaration in support of the Motion to Dismiss. The District Court overruled these objections.

Despite these major defects in Appellee's Motion, the District court allowed Appellee to move forward with this Motion. Appellants urge this Circuit Court to find that the District Court judge abused his discretion in allowing Appellee to proceed with the Motion given the significant defects in the Motion and strike the Motion along with all evidence and supplemental declarations that were late-filed in connection with that Motion.

## IV. The District Court Erred in Denying Appellants' Request to Conduct Jurisdictional Discovery

"Discovery is available in federal court to establish the presence of personal jurisdiction in that court." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir. 2001) (citations omitted). Jurisdictional discovery is particularly appropriate when "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 529 F.3d 1011, 1020 (9th Cir. 2008) (quoting *Data Disc, Inc.*, 557 F.2d at 1285 n.1. Further discovery is proper where it "might well demonstrate facts sufficient to constitute a basis for jurisdiction." *Harris Rutsky,* 328 F.3d at 1135.

Here, the District Court refused to allow Appellants to conduct jurisdictional discovery determining that "Plaintiffs did not explain how the jurisdictional discovery they seek would render the Court's exercise of personal jurisdiction

over the Defendant reasonable. ER-5. The District Court determined that Appellants did not present any information that jurisdictional discovery meet the first two prongs of the Ninth Circuit's test for personal jurisdiction. ER-5.

Appellants properly provided significant evidence to show that allowing jurisdictional discovery would uncover additional evidence to show that Baker held herself out as "Diva Attorney" throughout the State of California in an effort to brand herself as the "Diva Attorney" and that she promoted her brand, which is directly linked to her name to attorneys and other residents of the State of California to identify herself as Diva Attorney in the same fashion members of the DIVA LAWYERS SOCIAL CLUB INC use the name "Diva Lawyers" to brand themselves as members of the Social Club.

Appellants' claims of personal jurisdiction were far from attenuated. Appellants provided facts and evidence that Appellee was the president of the National Bar Association that has chapters operating in the State of California and members who are licensed attorneys in the State of California. Appellants produced facts and evidence to show that Appellee routinely travels to the State of California to do business as president of the National Bar Association and to hold speaking engagements and other activities and to promote her brand "Diva Attorney Lonita Baker". Appellants produced evidence to show that Appellee applied to register the mark "Diva Attorney Lonita Baker" on the federal register

36

so that she may use her mark throughout the nation, including in the State of California. Appellants produced evidence to show Appellee already uses the mark "Diva Attorney Lonita Baker" throughout the nation on her website located at www.divaattorney.com and has a social media presence under the name "Diva Attorney". Moreover, Appellants produced evidence to show that Appellee appeared on podcasts that have been broadcast nationwide, including in the State of California promoting her brand.

Appellants demonstrated that it reasonable to believe that jurisdictional discovery would allow Appellants to determine additional relevant facts, including those tending to show further "express aiming" under the purposeful availment and purposeful direction analysis to show that Appellee uses the mark "Diva Attorney" in the State of California to do business in the State of California, to enter into contacts in the State of California, to network with other attorneys in the State of California and to brand herself as "Diva Attorney" in the State of California. As such, Appellants request this Circuit Court to find that the District Court erred in denying Appellants permission to conduct jurisdictional discovery and to remand these proceedings to the trial court to allow Appellants to conduct such jurisdictional discovery and order the trial court to reconsider the Motion to Dismiss after jurisdictional discovery can be completed.

**Conclusion**

Based on the foregoing, Appellants respectfully request this Court to REVERSE the District Court's Order granting Baker's Motion to Dismiss for Lack of Personal Jurisdiction and the resulting Judgment and REMAND to the District Court for determination of this action on its merits. As review is *de novo*, this Court should aggregate all of Baker's contacts with California and resolve all contested issues and inferences in Appellants' favor. In the alternative, this Court should REMAND this matter to allow Appellants the opportunity to conduct jurisdictional discovery to obtain further evidence to support the exercise of personal jurisdiction over Appellee in the State of California.

Dated: November 22, 2024          **THE LAW OFFICE OF ATYRIA S CLARK**

By:  /s/Atyria S. Clark_____
          Atyria S. Clark
          Attorney for Plaintiffs
          ATYRIA S. CLARK
          THE DIVA LAWYERS SOCIAL CLUB INC

## Statement of Related Cases

Pursuant to Circuit Rule 28-2.6, I certify that I am unaware of any related cases pending in this Court.

Dated:  November 22, 2024　　**THE LAW OFFICE OF ATYRIA S CLARK**

By: /s/Atyria S. Clark
　　　Atyria S. Clark
　　　Attorney for Plaintiffs
　　　ATYRIA S. CLARK
　　　THE DIVA LAWYERS SOCIAL CLUB INC

## Certificate of Compliance Pursuant to 9th Circuit Rule 32

I hereby certify that the above and foregoing Brief complies with the following:

1.  The type-volume limitation of Fed.R.App.P.32(a)(7)(B) because this brief contains 8,672 words of proportionally spaced text, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2.  The typeface requirements of Fed.R.App.P.32(a)(5) and the type style requirements of Fed.R.App.P.32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2007 in fourteen-point Times New Roman font in the body and the foregoing brief was prepared using Microsoft Word in the Times New Roman, 14-point font in footnotes.

3.  I have prepared this certificate relying on the word count within my electronic word processing system used to prepare this document.

Dated:  November 22, 2024      /s/Atyria S. Clark_____
                               Atyria S. Clark
                               Attorney for Plaintiff/Appellant
                               ATYRIA S. CLARK
                               THE DIVA LAWYERS SOCIAL CLUB INC

## Certificate of Service

I hereby certify that on November 22, 2024, I electronically filed the foregoing brief with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit through the Appellate CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the Appellate CM/ECF system.

Dated: November 22, 2024    **THE LAW OFFICE OF ATYRIA S CLARK**

By: /s/Atyria S. Clark
      Atyria S. Clark
      Attorney for Plaintiffs
      ATYRIA S. CLARK
      THE DIVA LAWYERS SOCIAL CLUB INC

*Schwarzenegger v. Fred Martin Motor Co.*

    374 F.3d 797 (9th Cir. 2004)…….……………………………………13, 16, 21, 28

*Amba Mktg. Sys. Inc. v. Jobar Int'l, Inc.*

    551 F.2d 784 (9th Cir. 1977)……………………………………………… 13

*Rio Props., Inc. v. Rio Int'l Interlink*

    284 F.3d 1007 (09th Cir. 2002) ……………………………………………14

*Int'l Shoe Co. v. Wash.*

    326 US 310 (1945)……………………………………………………… 14

*Data Disc., Inc. v. Systems Tech. Assn., Inc.*,

    557 F.2d 1280 (9th Cir. 1977)……………………………………….…14, 16, 17, 30

*Goodyear Dunlop Tires Operations, S.A. v. Brown*

    131 S. Ct. 2846 (2011)………………………………………………………14

*Fields v. Sedgwick Associated Risks, Ltd.*

    796 F.2d 299 (9th Cir. 1986)……………………………………………… 14

*CollegeSource, Inc. v. AcademyOne, Inc.*

    653 F.3d 1066 (9th Cir. 2011)……...……………………………………... 14, 15

*Gilmore Bank v. AsiaTrust New Zealand Limited*

    223 Cal. App. 4th 1558 (2014)………………………………………… 15

*Burger King Co. v. Rudzewicz*

    471 U.S. 462 (1985) ………………………………………………………15, 28

*Cortina v. Bristol-Myers Squibb Co.*

    2017 U.S. Dist. LEXIS 100437 (N.D. Cal. June 27, 2017) …………………… 15

*Gordy v. Daily News, L.P.*

    95 F.3d 829 (9th Cir. 1996)……………………………………………… 16

*Resnick v. Rowe*

    283 F.Supp.2d 1128 (D. Hawaii 2003)…………………………………….. 17

*Nelson v. Millennium Labs, Inc.*

    2012 WL 12826476 (D. Ariz. Oct. 2, 2012)………………………………….. 17

*Guidry v. U.S. Tobacco Co., Inc.*

    188 F.3d 619 (5th Cir. 1999) …………………………………………………… 17

*Elan Micoelectronics Corp. v. Pixr Microelectronics Co.*

    2012 WL 523695 (D. Nev. Feb. 16, 2012)……………………………………..18

*Robert Bosch LL v. ADM 21 Co., Ltd.*

    2011 WL 2619335 (D. Nev. July 1, 2011)……………………………… 18

*Firouzabadi v. First Judicial Dist. Court In & For Carson City*

    110 Nev. 1348 (1994)………………………………………………….. 18, 19

*Marvix Photo, Inc. v. Brand Techs, Inc.*

    647 F.3d 1218 (9th Cir. 2011)……………………………………19, 22, 23

*Calder v. Jones*

    465 U.S. 783 (1984)………………………………………………19, 20, 21, 22

*Martensen v. Koch*

    942 F. Supp. 2d 983 (N.D. Cal. 2013) ……………………………………... 20

*Martensen v. Koch*

    2013 WL 4734000 (N.D. Cal. Sept. 3, 2013)………………………………..20

*Dole Food Co., Inc. v. Watts*

    303 F.3d 1104 (9th Cir. 2002)……………………………………………….20

*CE Distribution, LLC v. New Sensor Corp.*

    380 F.3d 1107 (9th Cir. 2004)……………………………………….20, 21, 27

*Datatech Ent. LLC v. FF Magn at Ltd.*

    2012 WL 4068624 (N.D. Cal. Sept. 14, 2012)…………………………………21

*AMA Multimedia, LLC v. Wanat*

    970 F.3d 1201 (9th Cir. 2020)……………………………………………… 21

*Bancroft Masters, Inc. v. Augusta National*

    223 F.3d 1082 (9th Cir. 2000)…………….………………………………22, 25

*Ayla, LLC v. Alya Skin Pty., Ltd.*

    11 F.4th 972 (9th Cir. 2021) …………………………………………....23, 24

*Fiore v. Walden*

    657 F.3d 838 (9th Cir. 2011)…………………………………………...…25

*Yahoo! Inc. v. La Ligue Contre Le Racisme*

    433 F.3d 1199 (9th Cir. 2006)………………………………………………25

*Keeton v. Hustler Magazine*

    465 U.S. 770 (1984) …………………………………………………..25

*Mattel, Inv. v. Greiner & Hausser GmbH*

    354 F.3d 857 (9th Cir. 2003)………………………………………………26

*Thomas Weisel Partners LLC v. BNP Paribas*

    2008 U.S. Dist. LEXIS 65936 (N.D. Cal. Aug .25, 2008)………………………26

*Wanlass v. Olfman*

    2007 U.S. Dist. LEXIS 18008 (Dist. Or. 2007)……………………………... 26

*Shute v. Carnival Cruise Lines*

    897 F.2d 377 (9th Cir. 1991)……………………………………………… 26

*Harris Rutsky & Co. v. Bell & Clements Ltd.*

    328 F.3d 1122 (9th Cir. 2003)…………………………………..27, 28, 29, 31, 35

*Decker Coal Co. v. Commonwealth Edison Co.*

    805 F.2d 834 (9th Cir. 1986) ……………………………………………….. 32

*Gibson v. Chrysler Corp.*

    261 F.3d 927 (9th Cir. 2001)……………………………………………….. 35

*Boschetto v. Hansing*

    529 F.3d 1011 (9th Cir. 2008)……………………………………………… 35

STATUTES

15 U.S.C. § 1114………………………………………………………… 1, 6

28 U.S.C. §1331…………………………………………………………..1

28 U.S.C. § 1367(a)……………………………………………………… 1

28 U.S.C. § 1291…………………………………………………………..1

Fed. R. App. Proc. 3(a)(1)(A)………...……………………………….. 2

California Bus. & Proc. Code § 14320……………………………………... 6

California Bus. & Proc. Code § 17200……………………………………... 7

Local Rule 7-3 for the Central District of California…………………………...32, 33

Fed. R. Civ. Proc., Rule 7-1.1…………………………………………….7

Local Rules 7-4 through 7-8 of the Central District of California………………...7, 33, 34

Local Rule 7-6 of the Central District of California…………………………..7, 34

## Jurisdictional Statement

Plaintiffs/Appellants THE DIVA LAWYERS SOCIAL CLUB INC and ATYRIA S. CLARK ("Appellants") sued Defendant/Appellee's LONITA K. BAKER ("Appellee" or "Baker") for trademark infringement in violation of 15 U.S.C. § 1114, over which the United States District Court for the Central District of California had subject matter jurisdiction under 28 U.S.C. §1331 and supplemental jurisdiction over the state law causes of action in the Complaint pursuant to 28 U.S.C. § 1367(a).

Appellants appeal from the District Court's Judgment in a Civil Case ("Judgment") and Order Granting Defendant's Motion to Dismiss for Lack of Personal Jurisdiction; *see* ER-178; ER-4; ER-5.

This Ninth Circuit Court of Appeals has jurisdiction over Appellants' appeal of the Judgment and Order pursuant to 28 U.S.C. § 1291, which provides: "[t]he courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. §1291. "Final decisions end the litigation on the merits and leave nothing for the court to do but execute the judgment." *Cassirer v. Kingdon of Spain*, 580 F.3d 1048, 1054 (9th Cir. 2009).

The Judgment and Order are both "final decisions," as they did not leave any matter to be determined by the District Court as to any party and completely disassociated the District Court from this case. *Reuber v. United States*, 773 F.2d 1367, 1368 (D.C. Cir. 1985) (holding order of dismissal based upon lack of personal jurisdiction was a final decision: "When a district court has disassociated itself from a case in all respects, it has made its 'final decision.'"); *See Concha v. London*, 62 F.3d 1493, 1507 n7 (9th Cir. 1995) ("plaintiff may appeal dismissal for lack of personal jurisdiction") *citing Reuber; TechnoSteel, LLC v. Beers Constr. Co.*, 271 F.3d 151, 158 (4th Cir. 2001) ("a district court's dismissal of plaintiffs' claims against a defendant based upon a lack of personal jurisdiction was a final decision ripe for immediate appellate review"); s*ee also, Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1186 (9th Cir. 2002) (noting that the Ninth Circuit has jurisdiction over an action dismissed for lack of personal jurisdiction under 28 U.S.C. § 1291 and reversing district court's dismissal).

Pursuant to Fed. R. App. Proc. 3(a)(1)(A), the notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. Proc. 3(a)(1)(A). The Order here was entered on August 15, 2024, 2024. ER-5. The Judgment was entered on August 15, 2024. ER-4. Accordingly, Appellants' Notice of Appeal filed on September 9, 2024, was timely. ER-178.

**Issues Presented**

1. Does personal jurisdiction exist in the United States District Court for the Central District of California over Appellee Lonita K. Baker?

2. Did the District Court abuse its discretion in allowing Appellee Lonita K. Bater to proceed with the Motion to Dismiss for Lack of Personal Jurisdiction when Appellee failed to comply with the requirements of the Local Rules of the Central District of California?

3. Did the District Court err in denying Appellant's request for jurisdictional discovery before rendering a decision on the Motion to Dismiss?

**Statement of Case and Facts**

This case involves a trademark infringement dispute by way of infringement upon a collective membership mark owned by Appellant, THE DIVA LAWYERS SOCIAL CLUB, INC. and registered on the Federal Register on June 4, 2019. ER-159.

Appellant, THE DIVA LAWYERS SOCIAL CLUB, INC. (sometimes referred to herein as "Social Club") is a mutual benefits, nonprofit organization formed in the State of California on February 4, 2015 as a social club of female attorneys. ER-48. While the current members of the Social Club are residents and citizens of the State of California, the organization has plans to expand its

3

membership nationwide to secure members throughout the United States. ER-48. Appellant, ATYRIA S. CLARK, is an active member and officer and director of the Social Club. ER-48.

On June 4, 2019 the Social Club secured registration of its collective membership mark "Diva Lawyers" and has been actively using its mark to identify members of the club. ER-48. The sole purpose of a collective membership mark is to identify members of a particular organization and only members of the organization are authorized to use the mark to identify themselves as members of the club. *Aloe Crème Laboratories, Inc. v. American Society for Aesthetic Plastic Surgery, Inc*., 192 USPQ 170, 173 (TTAB 1976).

On May 29, 2018, Appellee, LONITA K. BAKER ("Appellee" or "Baker"), applied to register the mark, "Diva Attorney Lonita Baker," with the United States Patent and Trademark Office ("USPTO") for "providing legal information, namely legal information about civil rights, personal injury, business law, and criminal law to clients hired by an individual attorney and not pertaining to membership in any social club organization." ER-48. Initially, the USPTO denied registration finding that this mark was confusingly similar to the "Diva Lawyers" collective membership mark. ER-48. At some point and for some unknown reason, Baker was ultimately allowed to publish her mark. ER-48. In response, the Social Club filed an Opposition to registration of this mark on April 23, 2021. ER-48. The

4

Opposition was filed on the basis that Appellee's mark was confusingly similar to the mark "Diva Lawyers" and that registering the mark "Diva Attorney Lonita Baker" would cause members of the public to falsely believe that Baler was a member of or connected with THE DIVA LAWYERS SOCIAL CLUB INC's organization. ER-48. The Social Club also contended that Baker never intended to use the mark in commerce for the identified goods or services. ER-48.

In response to the Opposition proceedings, Baker filed a Petition to Cancel the mark "Diva Lawyers" claiming that the organization never used the mark in commerce. ER-48.

Baker has routinely and continuously used the mark "Diva Attorney Lonita Baker" in connection with her name and to identify and brand herself as the "Diva Attorney." ER-48; ER-159. She has used the mark as a moniker and has used this mark in the State of California while admittedly present in the State of California doing business in this state. ER-48; ER-159; *See* ER-43. Moreover, this moniker is intrinsically connected and intertwined with Defendant's name. ER-48. Any basic search of the internet of the name "Lonita K. Baker" or "Lonita Baker" will lead to the mark "Diva Attorney." ER-48.

The use of the mark "Diva Attorney" conflicts with the "Diva Lawyers" mark because it causes members of the public to believe that Baker is a member of the Social Club or is somehow connected with the Social Club. ER-159. Baker

maintains a website www.divaattorney.com and a social media presence under "Diva Attorney" to brand herself as the "Diva Attorney" which is confusingly similar to the mark "Diva Lawyers." ER-48; *See* ER-43. Attorneys throughout California and in this district have associated Baker with the name "Diva Attorney." ER-48. Anyone who interacts with Baker and is referred to her website or social media pages will link to her brand "Diva Attorney" and connect her with that name. ER-48. In fact, Baker has also engaged in at least one national podcast where she discusses her intent to establish her brand "Diva Attorney" in connection with her name. ER-48.

In effect, these activities infringe on Appellants' collective membership mark (which is an identifying mark) nationwide and in the State of California where Baker has admittedly been present to conduct business on at least three occasions. ER-43; ER-146.

## Procedural History

On February 15, 2024, Appellants filed a civil action for trademark infringement and other relief against Appellee alleging that Appellee engaged in tortious trademark infringement upon Appellants' collective membership mark in violation of 15 U.S.C. § 1114. ER-159. Appellants also alleged violations of state trademark law to include causes of action for trademark infringement under California Business & Professions Code § 14320 and under California common law

and for unfair competition under California Bus. & Prof. Code § 17200 and under California common law. ER-159. Appellants also sought declaratory and injunctive relief. ER-159.

On May 8, 2024, Appellee filed a defective Motion to Dismiss for Lack of Personal Jurisdiction and/or Improper Venue ("Motion to Dismiss"). ER-155; ER-146. The Motion was defective for a number of reasons including Appellee's failure to follow Local Rule 7-3 which requires the parties to meet and confer at least seven days prior to filing a motion to dismiss. ER-108; ER-143. The Motion also failed to comply with Fed. R. Civ. Proc., Rule 7-1.1 due to no notice of interested parties. ER-144. The Motion also failed to comply with Local Rules 7-4 through 7-8 regarding the proper formatting of the motion and regarding the requirement that a movant include a declaration stating facts in support of the motion. ER-144; ER-108; ER-143. Appellee's Motion to Dismiss failed to comply with any of the procedural requirements of the federal and local rules, including the requirement to include facts through a written declaration stating facts in support of the motion. *See* Local Rule 7-6. In fact, Appellee's Motion to Dismiss did not include any facts at all in support of the Motion since she did not include the required declaration. ER-144; ER-108. However, the District Court judge allowed Appellee to proceed on the Motion to Dismiss despite these defects. ER-143; ER-46; ER-34. Although Appellee

appeared in the action in pro per, Appellee is a licensed attorney who knew or should have known how to comply with the procedural rules of the court. ER-143.

On August 15, 2024, the District Court judge granted Appellee's Motion to Dismiss finding that Appellants did not show that the court had personal jurisdiction over Appellee. ER-5. The District Court judge determined that "Plaintiffs have failed to establish the 'express aiming' requirement of the purposeful direction test." ER-5. The judge found that "[d]efendant's maintenance of a website and social media pages…without 'something more' is insufficient to establish 'express aiming.' ER-5. However, this determination failed to consider the "something more" in that Baker physically appeared in the State of California and held herself out as "Diva Attorney" in the State of California.

The judge also determined that Plaintiffs could not establish that their claim "arises out of or relates to the defendant's forum-related activities' by finding that "[p]laintiffs have not shown that they would not have been injured "but for" Defendant's trips to California. ER-5. However, the Order does not specify how the judge came to this conclusion.

The judge then made findings concerning the third prong of the Ninth Circuit test for personal jurisdiction. ER-5. The judge concluded that the "reasonableness"

factors did not weigh in favor of the Court's exercise of personal jurisdiction over the Defendant for the following reasons:

a)  The District Court found that Defendant did not conduct any business in California to meet the purposeful interjection factor of the third prong of the test. However, this determination failed to consider that Defendant admittedly came to the State of California to conduct business on at least three occasions. ER-5.

b)  The District Court found that the burden on defendant only weighed slightly against the Court's exercise of personal jurisdiction over Defendant given the "'modern advances in communications and transportation. ER-5.

c)  The District Court found that it was unlikely that the Court's exercise of personal jurisdiction over Plaintiffs' claims would not undermine the sovereignty of another state and determined that this factor weighed in favor of the exercise of personal jurisdiction over the Defendant. ER-5.

d)  The District Court determined that California's interest in providing an effective means for its residents tortiously injured weighed in favor of the Court's exercise of personal jurisdiction over the Defendant. ER-5.

e) The District Court was neutral in its determination of whether efficient judicial resolution weighed in favor or against the exercise of personal jurisdiction over the Defendant. ER-5.

f) The District Court determined that courts have "'given little weight to the plaintiff's inconvenience" in litigating in another and remained neutral on this factor. ER-5.

g) The District Court determined that because other forums such as Kentucky might be appropriate for the action, the district court found that this factor weighed against the Court's exercise of personal jurisdiction over the Defendant. ER-5.

The District Court further determined that it would not allow Plaintiffs to conduct jurisdictional discovery because Plaintiffs did not explain how the jurisdictional discovery they sought would render the Court's exercise of personal jurisdiction over Defendant reasonable. ER-5.

## Summary of the Argument

As the District Court's Order granting Baker's Motion to Dismiss is reviewed *de novo*, the Court must independently evaluate whether Appellants can meet their relatively low burden to make a *prima facie* showing of either general or specific jurisdiction. Appellants can carry their burden. In fact, many of Baker's contacts, standing alone, are sufficient to support jurisdiction. When Baker's contacts are

10

considered in the aggregate, as they must, and in the context of infringement upon a collective membership mark, the case for jurisdiction is undeniable.

Baker admittedly traveled to the State of California on at least three occasions to do business. ER-43; ER-146. Baker allegedly has held herself out to various attorneys in the State of California and to the public in California as the "Diva Attorney". ER-48. Baker maintains a website and a social media presence using the name Diva Attorney" that reaches citizens of the State of California. ER-48; *See* ER-43. At least one California attorney has recognized Baker as the "Diva Attorney" indicating that on at least one occasion, Baker has held herself out to a California attorney as the "Diva Attorney" and that attorney has connected her with that brand. ER-48. Remarkably, the district court relied on a statement in Appellee's declaration that she "has not held herself out as "Diva Attorney" in professional settings" to determine that Appellee did not use the mark in California, this determination failed to consider that Appellee did not indicate that she never used the mark "Diva Attorney" in California or that she never used the mark in a social or personal setting in California. ER-5; ER-43.

Moreover, Baker infringed on Appellants' federally registered collective membership mark "Diva Lawyers" after being fully aware that the Social Club is headquartered in the State of California and that Atyria S. Clark, one of its members, is a resident of the State of California. Baker's infringement continued even after

11

this action was filed. The Ninth Circuit decision in the case of *Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981 (9th Cir. 2009) confirms that this is more than enough for the district court to have exercised specific jurisdiction.

Finally, specific jurisdiction is proper considering Baker's continuous and systematic business conduct targeting California and her activities in the forum. The centerpiece of Baker's conduct is her website and social media presence through which she brands herself as the "Diva Attorney".

Appellants' claims also arise, in part, out of Bakers infringement of the collective membership mark of a California resident and a California-based business entity that Baker knew resided and would be harmed in California. Thus, it is not at all inequitable for Baker to answer for her wrongs in California.

## Argument

### I.     Standard of Review.

A district court's dismissal for lack of personal jurisdiction is reviewed *de novo*. *Washington Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 671 (9th Cir. 2012); *Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 919 (9th Cir. 2011). On appeal, a plaintiff need make only a *prima facie* showing of jurisdictional facts to withstand a motion to dismiss held without an evidentiary hearing. *Id* (citing *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). When the district court did not

hold an evidentiary hearing, the plaintiffs "need *only* demonstrate facts that *if true* would support jurisdiction over the defendant." *Id* (emphasis added).

## II.    Personal Jurisdiction

Personal jurisdiction "is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). The plaintiff bears the burden of establishing that a court has personal jurisdiction over a defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). The plaintiff is "obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Mktg. Sys. Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).

If a court decides to rule on personal jurisdiction without an evidentiary hearing, a plaintiff must make only a *prima facie* showing of jurisdictional facts to survive the motion. *Bauman*, 644 F.3d at 919. In this case, the District Court ruled on the issue of personal jurisdiction without an evidentiary hearing, thus Appellants were only required to make a prima facie showing of jurisdictional facts to defeat the motion to dismiss.

The "uncontroverted allegations in [plaintiffs'] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiffs'] favor" to determine if Plaintiffs have established a *prima*

*facie* showing." *See*, *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

Due process requires that a nonresident defendant have sufficient minimum contacts with the forum state so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Data Disc., Inc. v. Systems Tech. Assn., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). Courts recognize two bases for personal jurisdiction within the confines of due process: (1) general jurisdiction, which permits the forum court to exercise jurisdiction over the defendant in all matters; and (2) specific jurisdiction, which arises out of the defendant's contacts with the forum giving rise to the subject litigation. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011); *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 30-1-02 (9th Cir. 1986). The Ninth Circuit Court of Appeals articulated the following three-prong test for finding personal jurisdiction: First, the defendant must have purposefully availed herself of the state's benefits. Second, the controversy must be related to or arise out of the defendant's contacts with the state. Third, considering the defendant's contacts with the state and other factors, California's exercise of jurisdiction over the defendant must comport with traditional notions of fair play and substantial justice. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).

A plaintiff bears the burden of establishing the first two requirements, and, if plaintiff establishes these requirements, the burden shifts to the defendant to show that California's exercise of jurisdiction would be inherently unreasonable. *Gilmore Bank v. AsiaTrust New Zealand Limited*, 223 Cal. App. 4th 1558, 1567-69 (2014). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *CollegeSource, Inc.*, 653 F.3d at 1073, citing *Burger King Co.*, 471 U.S. 462, 476-78. "In this posture, we take as true all uncontroverted allegations in the complaint and resolve all genuine factual disputes in the plaintiff's favor." *Id.*; *Ochoa v. J.B. Martin & Sons Farms*, 287 F.3d 1182, 1187 (9th Cir. 2002) ("conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor") (internal quotations omitted). "The relevant inquiry is whether the plaintiff's choice of forum is a *proper* place for personal jurisdiction, not whether it is the best one." *Cortina v. Bristol-Myers Squibb Co.*, 2017 U.S. Dist. LEXIS 100437, *11-12 (N.D. Cal. June 27, 2017) (Tigar, J.) (emphasis in original).

## A. Purposeful Direction.

The Ninth Circuit has explained that the "touchstone" of the first prong for specific jurisdiction is "whether the defendant's conduct and connection with the

forum state are such that he should reasonably anticipate being hauled into court there." *Gordy v. Daily News, L.P.*, 95 F.3d 829, 832 (9th Cir. 1996) (internal quotations omitted).[1] As such, Appellants must establish that the Appellee purposefully availed herself of the privilege of conducting activities in California or purposefully directed activities toward the forum. *Schwazenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). These two inquiries are often equated to "purposeful availment,"…but availment and direction are, in fact, two distinct concepts. *Id.* (citations omitted). An analysis of purposeful availment of privileges of the forum state typically centers on the defendant's actions in the forum state and is usually analyzed in connection with contract disputes. *Id.* An analysis of purposeful direction, on the other hand, is typically used in tort suits and *normally centers on actions performed outside the forum that are directed toward the forum*. *Id.* at 802-803.

## 1. Intentional Tort Committed Within the Forum State

Courts regularly exercise jurisdiction over defendants who commit intentional torts within the forum state. *See, e.g., Data Disc., Inc.,* 557 F.2d at 1288 (9th Cir. 1997) ("The inducement of reliance in California is a sufficient act within California to satisfy the requirement of minimum contacts where the cause of action arises out

---

[1] *Gordy* concerned personal jurisdiction in California. California's long-arm statute extends jurisdiction to the limits imposed by the Due Process Clause. *Gordy*, 95 F.3d at 831

16

of that inducement."); *Resnick v. Rowe*, 283 F.Supp.2d 1128, 1136-37 & n. 4 (D. Hawaii 2003) (finding personal jurisdiction over non-resident defendant who made tortious misrepresentations to non-resident plaintiff in the forum state of Hawaii.) *See also Nelson v. Millennium Labs, Inc*., No. 2:12-CV-01301-SLG, 2012 WL 12826476, at *3 (D. Ariz. Oct. 2, 2012) (finding the first prong satisfied where a nonresident committed sexual harassment in the forum state); *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 628 (5th Cir. 1999) (concerning mostly out-of-forum conduct but explaining, "[w]hen a nonresident defendant commits a tort within the state….that tortious conduct amounts to sufficient minimum contacts with the state by the defendant to constitutionally permit courts within that state, including federal courts, to exercise personal adjudicative jurisdiction over the tortfeasor and the cause of action arising from its offenses or quasi-offenses.").[2] As the Ninth Circuit has explained, "[a] state has a special interest in exercising jurisdiction over those who have committed tortious acts within the state." *Data Disc., Inc*., 557 F.2d at 1288. Therefore, where an intentional tort has been carried out in the forum, the defendant has purposefully directed its activities to the forum sufficient to satisfy the first jurisdictional prong.

---

[2] The courts in *Nelson, Resnick*, and *Guidry* explained that the long-arm statutes of Arizona, Hawaii, and Louisiana, respectively, were coextensive with the Due Process Clause at the time of decision. *Nelson*, 2012 WL 12826476, at *2; *Rowe*, 283 F.Supp.2d at 1134-35; *Guidry*, 188 F.3d at 624.

Here, Appellee intentionally traveled to California on at least three occasions to conduct speaking engagements in the State of California and to conduct business and to participate in other various events in the legal community in California. Appellee, as alleged in the Complaint, promoted herself as "Diva Attorney" to other attorneys and to the public. ER-159; ER-48. Appellee has established sufficient minimum contacts with the forum for the United States District Court for the Central District of California to assert personal jurisdiction over Appellee. Appellee reasonably expected to be called to answer for her wrongful conduct in the place where she committed the tortious act.

Courts have found that attendance at trade show can satisfy the first prong. *See, Elan Micorelectronics Corp. v, Pixir Microelectronics Co.*, 2012 WL 523695, at *6-7 (D. Nev. Feb. 16, 2012) (finding purposeful direction satisfied for specific jurisdiction over a corporation where an officer of the corporation attended a trade show in Nevada as a representative of the corporation); *Robert Bosch LL v. ADM 21 Co., Ltd.*, No. 2:10-cv-01930-RLH-LRL, 2011 WL 2619335, at *4 (D. Nev. July 1, 2011) (finding purposeful availment based in part on defendant's attendance and displays at trade showing and noting, "Numerous courts have found defendants to have purposefully availed themselves by attending trade shows within a forum state."); *Firouzabadi v. First Judicial Dist. Court In & For Carson City*, 110 Nev. 1348, 1353 (1994) (holding that personal jurisdiction was appropriate in Nevada

18

over a New Jersey resident sued by a California resident where the California resident had contracted with the New Jersey seller at a trade fair conducted in Nevada; rejecting the argument that the New Jersey seller's appearance at the trade show was not directed at Nevada residents). Therefore here, where Defendant attended speaking engagements in California and committed trademark infringement, the first prong is satisfied.

*First*, the "intentional act" element is satisfied because Defendant attended and spoke at a conference in California and held herself out to other attorneys and the public as "Diva Attorney". The Ninth Circuit has explained that intent under the effects test refers to "an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Brayton Purcell LLP*, 606 F.3d at 1128-29 (9th Cir. 2010) (finding an intentional act where defendants created and posted a section on their website infringing on the plaintiff's copyright); *see also Mavrix Photo, Inc. v. Brand Techs*., *Inc*., 647 F.3d 1218, 1231 (9th Cir. 2011) (there was "no question" that the defendant acted intentionally when it reposted allegedly infringing photos).

## 2.  Intentional Tort Committed Outside the Forum State

For intentional torts occurring outside the forum state, the Ninth Circuit Court applies the *Calder* effects test in examining purposeful direction of a defendant's

activities toward a forum. *See Calder v. Jones*, 465 U.S. 783, 788-90 (1984); *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

Because this case involves intentional torts committed when the Appellee traveled to the forum state, the *Calder*-effects test does not control;[3] however, it too lends support for the exercise of personal jurisdiction in this case. The effects test is a three-factor test to determine the purposeful direction prong and is generally applied to torts committed outside of the forum. *CE Distribution, LLC v. New Sensor Corp.*, 380 F.3d 1107, 1111 (9th Cir. 2004) ("When an intentional tort claim is asserted, purposeful availment of the privilege of conducting activities in the forum state can be met by the 'purposeful direction of a foreign act having effect in the forum state.' [T]his standard, referred to as the 'effects test,' was articulated by the United States Supreme Court in [*Calder v. Jones*, 465 U.S. 783 (1984)].").

Even under the *Calder*-effects test, the first prong is satisfied because Appellee purposefully directed an act at the forum state with effects in the forum

---

[3] *See Martensen v. Koch*, 942 F. Supp. 2d 983, 994, 996 (N.D. Cal. 2013)("[T]he 'effects' test appears unnecessary where, as here, part of the alleged tort occurred in [forum….] Because Plaintiff has adequately alleged that Defendant committed the tort of false imprisonment within the forum, the Court accordingly finds that Plaintiff has made a prima facie showing of minimum contacts needed to establish personal jurisdiction."), *reconsideration granted in part, Martensen v. Koch*, No. C-12-05257 JSC, 2013 WL 4734000, at *7 (N.D. Cal. Sept. 3, 2013) (finding personal jurisdiction and venue proper but exercising discretion to transfer venue). Here, as in *Martensen*, jurisdiction is proper over defendant who is alleged to have committed the intentional tort of trademark infringement against the plaintiffs in the forum state.

state by using the mark "Diva Attorney" in a manner that infringes on Appellants' collective membership mark "Diva Lawyers" and holding herself out as "Diva Attorney" to other attorneys in the State of California and to the public. The effects test is satisfied where the defendant has allegedly (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *CE Distribution*, 380 F.3d at 1111.

### a. Intentional Act

Intent under the *Calder* effects test is construed as "an intent to perform an actual, physical act in the real word, rather than an intent to accomplish a result or consequence of that act." *Schwarzenegger*, 374 F.3d at 806. Operation of a website constitutes an intentional act. *Brayton Purcell LLP*, 606 F.3d at 1129. ("operating a passive website was an intentional act"); *see also, Datatech Ent. LLC v. FF Magn at Ltd.*, No. C 12-04500 CRB, 2012 WL 4068624, at *2 (N.D. Cal. Sept. 14, 2012) ("The intentional act element is broadly construed, and can be met by the mere operation of a website…"). Owning and operating a web site is an intentional act for the purposes of specific jurisdiction. *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1209 (9th Cir. 2020).

Baker is an admitted owner of www.DivaAttorney.com. Baker stated that she developed the website in 2018 and operated it as a blog page. ER-43. She also indicated that she maintains a social media presence as "Diva Attorney". The

21

website www.DivaAttorney.com and Baker's social media pages under "Diva Attorney" are available worldwide, including in the United States and in the State of California and are accessible to attorneys and the public in the State of California. The operation of these sites alone are enough to satisfy the intentional act requirement of the purposeful direction analysis for personal jurisdiction under the *Calder* effects test.

### b. Express Aiming

"The second part of the *Calder*-effects test requires that the defendant's conduct be expressly aimed at the forum." *Brayton Purcell*, 575 F.3d at 986.

"Express aiming is a concept that in the jurisdictional context hardly defines itself." *Bancroft Masters, Inc. v. Augusta National*, 223 F.3d 1082, 1087 (9th Cir. 2000). This much, however, is clear: "the [express aiming] requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Id.*

In the past, courts "have struggled with the question whether tortious conduct on a nationally accessible website is expressly aimed at any, or all, of the forums in which the website can be viewed.'" *See Mavrix Photo, Inc. v. Brand Techs, Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011). The Ninth Circuit Court of Appeals has held that while "maintenance of a passive website alone cannot satisfy the express aiming prong…operating even a passive website in conjunction with 'something more'—

22

*conduct directly targeting* the forum—is sufficient." *Id.* (Emphasis added.) To determine that "something more," the Ninth Circuit considers "the interactivity of the defendant's website, the geographic scope of the defendant's commercial ambitions, and whether the defendant 'individually targeted' a plaintiff known to be a forum resident. *Id.*

In *Mavrix* court found considered specific personal jurisdiction where the plaintiff's alleged infringement by the defendant for "posting its copyrighted photos on its website." *Id.* at 1221. The *Marvix* court determined that there must be "something more" by way of conduct targeting the forum than the operation of a passive website. In *Marvix*, that something more was the use of copyrighted photos specific to the California market.

This Ninth Circuit's decision in *Ayla, LLC v. Alya Skin Pty., Ltd.*, 11 F.4th 972 (9th Cir. 2021) is instructive as to further defining the "something more." There, Plaintiff Ayla sued Australian based Alya for trademark infringement. Alya obtained a trial court order dismissing the action for lack of personal jurisdiction, arguing that it had no retail stores, offices, employees, real property in the United States; did not sell product in any United States retail stores; did not solicit business from Americans; did not advertise in United States publications; had less than 10% of its sales in the United States; and did not contract directly with United States social media influences, but contracted with a foreign broker. *Id.* at 977. (Such assertions

23

are similar to Appellee's assertions in the instant matter concerning her lack of contacts with the State of California.) Based on these assertions, the trial court dismissed the action against Alya.

The Ninth Circuit reversed the dismissal and found Alya to have expressly aimed its actions to the United States. In reviewing whether there was "something more" which established a direct connection with the United States, the Court found that statements on promotional materials could only be interpreted as appealing "to American consumers and no others." *Id*. at 980.

Here, Appellee maintains a website and promotes a social media presence that displays a mark that infringes on Appellants' collective membership mark. Moreover, Appellee has branded her name and identity as "Diva Attorney Lonita Baker" and held herself out in the State of California and to residents of the State of California as "Diva Attorney" or "Diva Attorney Lonita Baker." She has engaged in business and contractual relationships with residents and attorneys in the State of California. She maintains a website and a social media presence that has nationwide reach, including to the residents of the State of California. Moreover, Appellee has applied for a federal registration of her mark "Diva Attorney Lonita Baker" evincing an intent to seek nationwide protection for this mark, including in the State of California.

24

### c. Harm in the Forum

The final element requires that the defendant's conduct have "caused harm that it knew was likely to be suffered in the forum." *Brayton Purcell*, 575 F.3d at 988. "This element is satisfied when defendant's intentional act has 'foreseeable effects' in the forum." *Id.* It is not required that the brunt of harm be suffered in the forum. *Fiore v. Walden*, 657 F.3d 838, 853 (9th Cir. 2011); *Brayton Purcell LLP*, 606 F.3d at 1131; *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1207 (9th Cir. 2006). Instead, the foreseeable-harm "element is satisfied when defendant's intentional act has 'foreseeable effects' in the forum." *Fiore*, 657 F.3d at 852; *Bancroft & Masters, Inc.*, 223 F.3d at 1087.

Clearly, the economic loss caused by the intentional infringement of a plaintiff's copyright is foreseeable. *Keeton v. Hustler Magazine*, 465 U.S. 770, 780 (1984). As such, Baker's acts of trademark infringement had a foreseeable effect in California.

It is dispositive that Baker failed to offer any evidence to "directly contradict" Appellants' allegation that Baker knowingly and willfully infringed upon Appellants' collective membership mark after she received notice, alerting Baker that she was infringing upon a collective membership mark of California residents, and also throughout years of litigation before the Trademark Trials and Appeals

Board ("TTAB") which made Baker fully aware that she was infringing upon a mark of California residents and that Appellants would suffer harm in California.

As the uncontradicted allegations and evidence establish that Baker used the infringing mark "Diva Attorney Lonita Baker" *after* having become aware that Appellant THE DIVA LAWYERS SOCIAL CLUB, INC is a California corporation and after having become aware that its member Atyria S. Clark is a California resident, the first prong of this Court's test for specific jurisdiction under the Calbert-effect is satisfied.

### B. Arises Out of Or Relates to Defendant's Forum-Related Activities.

To determine whether a claim arises out of forum-related activities, a "but for" test is applied. *Mattel, Inv. v. Greiner & Hausser GmbH*, 354 F.3d 857, 864 (9th Cir. 2003). In other words, "the court considers whether plaintiff's claims would have arisen but for defendant's contacts with California." *Thomas Weisel Partners LLC v. BNP Paribas*, 2008 U.S. Dist. LEXIS 65936 at *20 (N.D. Cal. Aug. 25, 2008); *See Mattel*, 354 F.3d at 864. "The focus is a broad one, analyzing whether the entire course of events was made possible by defendant's contacts in the forum state." *Wanlass v. Olfman*, 2007 U.S. Dist. LEXIS 18008 at *18-19 (Dist. Or. 2007); *See Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385-386 (9th Cir. 1991) (discussing reasons behind broad interpretation of "arising out of" requirement).

26

The second prong of the Ninth Circuit's jurisdictional test requires that the claim arises out of or relates to defendant's forum-related activities. *CE Distribution*, 380 F.3d at 1111. This prong is satisfied where the plaintiff would not have been injured "but for" the conduct in the forum. *Harris Rutsky & Co. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1131-1132 (9th Cir. 2003). Appellee's trademark infringement was made at conferences in California and by Appellee maintaining a website and a social media presence using a mark that infringes upon Appellants' collective membership mark. Therefore, Appellants' claims would not have arisen but for Appellee's contacts with the forum, and the second prong is satisfied.

The immediate case is the direct result of Baker's contacts with California. Baker admittedly traveled to the State of California on at least three occasions to engage in business activities within the State of California and as alleged in Appellants' Complaint, held herself out as "Diva Attorney" in this state. Her name, Lonita Baker, is incorporated into her mark "Diva Attorney, Lonita Baker" and anyone in the State of California who engages with Baker will know her by Diva Attorney since she has branded that mark with her name. Moreover, Baker's website and social media presence displaying her infringing name "Diva Attorney" reaches California residents and causes members of the public to believe that Baker is a member of THE DIVA LAWYERS SOCIAL CLUB, INC. Additionally, Baker is attempting to register the mark "Diva Attorney Lonita Baker" as a federal trademark

to seek federal trademark protection nationwide, including in the State of California. But for Baker using the name "Diva Attorney" in connection with her name, in the State of California, Appellants would not be harmed in the State of California.

### C. Reasonableness.

Once a plaintiff has established the first two prongs of the jurisdictional test, as is the case here, the burden is shifted to the defendant to show that the exercise of jurisdiction would be unreasonable. *Harris Rutsky*, 328 F.3d at 1132. "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477; *see also Schwarzenegger,* 374 F.3d at 802.

Courts will generally consider seven factors when determining reasonableness. *Harris Rutsky*, 328 F.3d at 1132. These factors are: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Id*.

28

Consideration of these factors shows that California's exercise of jurisdiction over Appellee is reasonable. Here, Appellee has not met her burden to show that exercise of jurisdiction in California is unreasonable because she has not presented a "compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id*. In fact, Appellee failed to present any facts or arguments in her Motion or Supplemental Declaration to establish that California's exercise of personal jurisdiction over her would be unreasonable. *See* ER-43; *see also*, ER-155.

First, Appellee intentionally traveled to the state of California on at least three occasions to participate in and speak at conferences in the course of business and maintains a website and a social media presence that reaches residents of the State of California. Appellants alleged that Baker regularly holds herself out as "Diva Attorney" to other attorneys in the State of California and maintains a website with the sole purpose of identifying her as "Diva Attorney" to establish her brand as "Diva Attorney" in conflict with use of the mark "Diva Lawyers". Therefore, Appellee has purposefully interjected herself into California.

Second, the burden on Appellee of defending in California is relatively low. According to Appellee, she routinely travels to the State of California to engage in business and attend seminars. In the course of her business she attends various events in the state. Therefore, it would not be excessively burdensome to require her to

29

defend herself in California, the forum where she committed an intentional tort. Moreover, she has applied for national trademark protection of her mark "Diva Attorney" which would require her to potentially have to bring suit against citizens of the State of California to defend that mark, should it ever become a registered mark. Moreover, any burdens of litigating from Kentucky are minimal in today's technologically advanced world. Virtually all discovery can be handled over various internet tools and services. Written discovery, depositions, and even mediations can be held without Appellee's direct actual presence in Kentucky. If Appellee is required to appear in person at trial, business travel to California is routine and Appellee has engaged in such travel on at least three occasions already. Additionally, testimony could be presented via video feed.

The third and fourth factors concern the potentially conflicting interests between the forum state and a defendant's home state in adjudicating the dispute. In this case, the issue is whether there is a conflict between California and Kentucky. California has a strong interest in adjudicating intentional torts that occur in California against residents of California. *See Data Disc., Inc*., 557 F.2d at 1288 ("A state has a special interest in exercising jurisdiction over those who have committed tortious acts within the state."). A different rule would lead to absurd results, such that out-of-state intentional tortfeasors would not be subject to jurisdiction in the place of their wrongful conduct. Appellee here has significantly interjected herself

30

into California. Holding Appellee accountable in California for her actions hardly impinges on the sovereignty of any other state.

The fifth factor, most efficient judicial resolution of the controversy, focuses on the location of the evidence and witnesses. *Harris v. Rutsky*, 328 F.3d at 1133. This factor is "no longer weighed heavily given modern advances in communication and transportation." *Id*. Moreover, most witnesses in this case reside in and practice law in the State of California, it would be reasonable to convene at the place of the wrongful conduct.

The sixth factor, importance of the forum to a plaintiff's interest in convenient and effective relief, weights in favor of Appellants here. If the case is dismissed, Appellants' significant time and resources invested in the California litigation would be for naught and Appellants would expend additional time and money refiling the action in Kentucky. Moreover, Plaintiff, THE DIVA LAWYERS SOCIAL CLUB INC would be unduly burdened if it is forced to bring this action in Kentucky as this Plaintiff would need to secure an attorney who is licensed to practice law in the state of Kentucky and in the federal courts of Kentucky to represent this Plaintiff. Otherwise, this Plaintiff would need to secure pro hac vice approval for Plaintiff Atyria Clark to get permission for Ms. Clark to represent this Plaintiff in Kentucky.

Finally, courts will consider whether an adequate alternative forum exists. Appellants agree that Kentucky also has personal jurisdiction over Defendant.

31

However, the fact that an alternative forum exists to which Appellants are amenable does not overcome the other factors that favor California jurisdiction. *See, e.g., Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 841 (9th Cir. 1986) ("As to the existence of an alternate forum, [plaintiff] is clearly amendable to suit in Illinois…but this factor cannot overcome the others which favor Montana jurisdiction"). As discussed above, courts have held that the exercise of jurisdiction in similar circumstances would be appropriate, such as where nonresident defendants attended trade shows or committed intentional torts in the forum state. *See, e.g.*, cases cited *supra* Section II.A.1. *See also Baker,* 116 Nev. At 534 (holding personal jurisdiction over California citizen was reasonable where defendant purposefully directed himself to forum and claim arose from plaintiff's one-night hotel stay in Las Vegas).

In sum, because Appellee has sufficient contacts with California relating to Appellants' infringement claims, including tortious conduct in the State of California, and personal jurisdiction would be reasonable, the exercise of jurisdiction by the District Court of the Central District of California would be appropriate.

### III.   Appellee's Lack of Compliance with the Rules

#### A. Appellee Did Not Comply with Local Rule 7-3 Prior to Filing the Motion

Local Rule ("L.R.") 7-3 of the Central District of California provides that:

"[i]n all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37.4) and applications under F.R.Civ.P 65 for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion must first contact opposing counsel directly to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place at least 7 days prior to the filing of the motion."

That Rule further provides that: "[i]f the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'"

Appellee failed to meet and confer with Plaintiffs' counsel at any time before filing her motion to dismiss. Appellee failed to submit any statement in her motion that complies with the requirements of L.R. 7-3. In fact, Appellee did not even include a notice of motion with her filing.

## B. Appellee Did Not Comply with the Documentary Requirements of Local Rules 7-4 through 7-8

Local Rule 7-4 of the Central District of California states that: "[t]he Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8." That rule further provides that on the first page of a notice of motion, the filer shall include the title of the document, the date and time of the motion

hearing, the name of the judicial officer, and a concise statement of the relief or Court action the movant seeks. L.R. 7-4. Here, Appellee failed to include any notice of motion with her filed Motion to Dismiss.

Local Rule 7-5 states the requirements for the moving papers attached to the notice of motion. This rule requires that the movant must include a brief but complete memorandum in support of the motion with points and authorities and also must include the evidence upon which the moving party relies upon to support the motion. L.R. 7-5. Further, Local Rule 7-6 requires that: "[f]actual contentions involved in any motion and opposition to motions shall be presented, heard, and determined upon declarations and other written evidence (including documents, photographs, deposition excerpts, etc.) alone, except that the Court may, in its discretion, require or allow oral examination of any declarant or any other witness."

Appellee's Motion to Dismiss is not supported by any factual contentions or evidence whatsoever. Appellee did not include any Declaration signed under penalty of perjury to support any contentions she states in her Motion to Dismiss to establish that Appellee does not have any contact with the State of California sufficient to establish personal jurisdiction over Appellee. Plaintiffs objected to any late-filed attempts to submit a written Declaration in support of the Motion to Dismiss. The District Court overruled these objections.

Despite these major defects in Appellee's Motion, the District court allowed Appellee to move forward with this Motion. Appellants urge this Circuit Court to find that the District Court judge abused his discretion in allowing Appellee to proceed with the Motion given the significant defects in the Motion and strike the Motion along with all evidence and supplemental declarations that were late-filed in connection with that Motion.

### IV. The District Court Erred in Denying Appellants' Request to Conduct Jurisdictional Discovery

"Discovery is available in federal court to establish the presence of personal jurisdiction in that court." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir. 2001) (citations omitted). Jurisdictional discovery is particularly appropriate when "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 529 F.3d 1011, 1020 (9th Cir. 2008) (quoting *Data Disc, Inc.*, 557 F.2d at 1285 n.1. Further discovery is proper where it "might well demonstrate facts sufficient to constitute a basis for jurisdiction." *Harris Rutsky,* 328 F.3d at 1135.

Here, the District Court refused to allow Appellants to conduct jurisdictional discovery determining that "Plaintiffs did not explain how the jurisdictional discovery they seek would render the Court's exercise of personal jurisdiction

over the Defendant reasonable. ER-5. The District Court determined that Appellants did not present any information that jurisdictional discovery meet the first two prongs of the Ninth Circuit's test for personal jurisdiction. ER-5.

Appellants properly provided significant evidence to show that allowing jurisdictional discovery would uncover additional evidence to show that Baker held herself out as "Diva Attorney" throughout the State of California in an effort to brand herself as the "Diva Attorney" and that she promoted her brand, which is directly linked to her name to attorneys and other residents of the State of California to identify herself as Diva Attorney in the same fashion members of the DIVA LAWYERS SOCIAL CLUB INC use the name "Diva Lawyers" to brand themselves as members of the Social Club.

Appellants' claims of personal jurisdiction were far from attenuated. Appellants provided facts and evidence that Appellee was the president of the National Bar Association that has chapters operating in the State of California and members who are licensed attorneys in the State of California. Appellants produced facts and evidence to show that Appellee routinely travels to the State of California to do business as president of the National Bar Association and to hold speaking engagements and other activities and to promote her brand "Diva Attorney Lonita Baker". Appellants produced evidence to show that Appellee applied to register the mark "Diva Attorney Lonita Baker" on the federal register

36

so that she may use her mark throughout the nation, including in the State of California. Appellants produced evidence to show Appellee already uses the mark "Diva Attorney Lonita Baker" throughout the nation on her website located at www.divaattorney.com and has a social media presence under the name "Diva Attorney". Moreover, Appellants produced evidence to show that Appellee appeared on podcasts that have been broadcast nationwide, including in the State of California promoting her brand.

Appellants demonstrated that it reasonable to believe that jurisdictional discovery would allow Appellants to determine additional relevant facts, including those tending to show further "express aiming" under the purposeful availment and purposeful direction analysis to show that Appellee uses the mark "Diva Attorney" in the State of California to do business in the State of California, to enter into contacts in the State of California, to network with other attorneys in the State of California and to brand herself as "Diva Attorney" in the State of California. As such, Appellants request this Circuit Court to find that the District Court erred in denying Appellants permission to conduct jurisdictional discovery and to remand these proceedings to the trial court to allow Appellants to conduct such jurisdictional discovery and order the trial court to reconsider the Motion to Dismiss after jurisdictional discovery can be completed.

## Conclusion

Based on the foregoing, Appellants respectfully request this Court to REVERSE the District Court's Order granting Baker's Motion to Dismiss for Lack of Personal Jurisdiction and the resulting Judgment and REMAND to the District Court for determination of this action on its merits. As review is *de novo*, this Court should aggregate all of Baker's contacts with California and resolve all contested issues and inferences in Appellants' favor. In the alternative, this Court should REMAND this matter to allow Appellants the opportunity to conduct jurisdictional discovery to obtain further evidence to support the exercise of personal jurisdiction over Appellee in the State of California.

Dated: November 22, 2024      **THE LAW OFFICE OF ATYRIA S CLARK**

By:   /s/Atyria S. Clark_____
       Atyria S. Clark
       Attorney for Plaintiffs
       ATYRIA S. CLARK
       THE DIVA LAWYERS SOCIAL CLUB INC

## Statement of Related Cases

Pursuant to Circuit Rule 28-2.6, I certify that I am unaware of any related cases pending in this Court.

Dated: November 22, 2024     **THE LAW OFFICE OF ATYRIA S CLARK**

By:  /s/Atyria S. Clark_____
        Atyria S. Clark
        Attorney for Plaintiffs
        ATYRIA S. CLARK
        THE DIVA LAWYERS SOCIAL CLUB INC

1

**Certificate of Compliance Pursuant to 9th Circuit Rule 32**

I hereby certify that the above and foregoing Brief complies with the following:

1.  The type-volume limitation of Fed.R.App.P.32(a)(7)(B) because this brief contains 8,672 words of proportionally spaced text, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2. The typeface requirements of Fed.R.App.P.32(a)(5) and the type style requirements of Fed.R.App.P.32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2007 in fourteen-point Times New Roman font in the body and the foregoing brief was prepared using Microsoft Word in the Times New Roman, 14-point font in footnotes.

3. I have prepared this certificate relying on the word count within my electronic word processing system used to prepare this document.


Dated:  November 22, 2024        /s/Atyria S. Clark_____
                                 Atyria S. Clark
                                 Attorney for Plaintiff/Appellant
                                 ATYRIA S. CLARK
                                 THE DIVA LAWYERS SOCIAL CLUB INC

1

## Certificate of Service

I hereby certify that on November 22, 2024, I electronically filed the foregoing brief with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit through the Appellate CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the Appellate CM/ECF system.

Dated:  November 22, 2024        **THE LAW OFFICE OF ATYRIA S CLARK**

By:   /s/Atyria S. Clark
        Atyria S. Clark
        Attorney for Plaintiffs
        ATYRIA S. CLARK
        THE DIVA LAWYERS SOCIAL CLUB INC